IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Citadel Watford City Disposal Partners,<br>L.P., *et al.*, [1]<br><br>                   Debtors. | Chapter 11<br><br>Case No.: 15-11323 (KJC)<br><br>Jointly Administered<br><br>**RE: D.I. 112** |

**INTERIM ORDER GRANTING APPLICATION OF THE DEBTORS
FOR AN ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT OF GAVIN/SOLMONESE LLC AS CHIEF RESTRUCTURING
OFFICER FOR THE DEBTORS NUNC PRO TUNC TO
AUGUST 12, 2015 AND ORDERING OTHER RELIEF**

Upon consideration of the Application of the above-captioned debtors and debtors-in-possession for an Order Authorizing and Approving the Employment of Gavin/Solmonese as Chief Restructuring Officer for the Debtors Nunc Pro Tunc to August 12, 2015 (the "Application") and any response to the Application; and after due and proper notice of the Application was given; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing and all of the proceedings had before the Court; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED that:

1.      The Application is GRANTED on an interim basis, as modified herein, with respect to all debtors other than Citadel Energy Holdings, LLC (collectively, without Citadel Energy Holdings, LLC, the "Debtors"), as the case of Citadel Energy Holdings, LLC is being dismissed by way of a separate order.

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is, PO Box 2127, Watford City, ND 58854.

2.      The Debtors are authorized to engage Gavin/Solmonese, and to designate

Edward T. Gavin as the Debtors' Chief Restructuring Officer, on the terms described in the

Application and attached Management Agreement, as amended by the letter from Gavin

Solmonese to Mark Dunaway, dated September 15, 2015 attached hereto as Exhibit A (as

amended, the "Management Agreement"), subject to the following terms, which apply

notwithstanding anything in the Application or any exhibits related thereto to the contrary:

(a.)    Gavin/Solmonese and its affiliates shall not act in any other capacity (for

example, and without limitation, as a financial advisor, claims

agent/claims administrator, or investor/acquirer) in connection with the

above-captioned cases.

(b.)    In the event the Debtors seek to have Gavin/Solmonese personnel assume

executive officer positions that are different than the position(s) disclosed

in the Application, or to materially change the terms of the engagement by

either (i) modifying the functions of personnel, (ii) adding new personnel,

or (iii) altering or expanding the scope of the engagement beyond that

which is articulated in the Management Agreement, a Motion to modify

the retention shall be filed.

(c.)    Gavin/Solmonese shall file with the Court with copies to the United States

Trustee ("U.S. Trustee") and all official committees a report of staffing on

the engagement for the previous month.  Such report shall include the

names and functions filled of the individuals assigned.  All staffing shall

be subject to review by the Court in the event an objection is filed.

(d.)    No principal, employee or independent contractor of Gavin/Solmonese and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e.)    Gavin/Solmonese shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis.  Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred.  Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category.  Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/4/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments.  Parties in interest shall have 14 days after the date each report is served to object to such report.  In the event an objection is raised and not consensually resolved, the objected to portion of the staffing report shall be subject to review by the Court.  No payments shall be made to Gavin/Solmonese until the objection period has passed, and in the event an objection is raised, no payment shall be made to Gavin/Solmonese on account of the objected to portion of such staffing report until such objection is resolved.

(f.)     Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order.

(g.)     The Debtor are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

(h.)     There shall be no indemnification of Gavin/Solmonese or its affiliates.

(i.)     The limitation of liability provision in the Management Agreement shall not apply where Gavin/Solmonese is found to have committed gross negligence or willful misconduct by a court of competent jurisdiction.

(j.)     For a period of three years after the conclusion of the engagement, neither Gavin/Solmonese nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(k.)     Gavin/Solmonese shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, its/their creditors, or other parties in interest.  The obligation to disclose identified in this subparagraph is a continuing obligation.

(l.)     Edward T. Gavin and Gavin/Solmonese shall report exclusively to the independent manager retained by the Debtors, Bernadette Barron (the "Independent Manager"), and shall not report to any other manager, or to any board of manager or other board, or to any officer, director, member,

general partner, limited partner, employee or equity holder of any of the Debtors.

(m.)   The Independent Manager shall not be required to obtain approval for any action or decision from any other manager or board of managers or other board, or officer, director, member, general partner, limited partner, employee or equity holder of any of the Debtors.

(n.)   The Debtors, Edward T. Gavin, Gavin/Solmonese, the Independent Manager, and their respective professionals, are barred from permitting Stanton Dodson to participate, directly or indirectly in the management or operations of any of the Debtors. Nothing herein shall prevent the Debtors, their professionals, the Official Committee of Unsecured Creditors, or any other party in interest from seeking to recover information, documents or assets of the Debtors from Stanton Dodson.

3.    A final hearing on the Application will be held on October 16, 2015, at 10:00 a.m. A copy of this Order, with Notice of the final hearing date on the Application, shall be served by the Debtors within three business days of entry of this Order.

Dated: ___Oct 9___, 2015
       Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge