## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., *et al.*,[1]<br><br>Debtors. | : Chapter 11<br>:<br>: Case No: 15-11323-KJC<br>: (Jointly Administered)[2]<br>:<br>: Related to D.I. 88<br>:<br>: |

## NOTICE OF CONTINUED RULE 30(b)(6) DEPOSITION

**PLEASE TAKE NOTICE** that, by agreement of Nathan Dahl and the above-captioned Debtors, the deposition noticed by Nathan Dahl in the above-captioned case pursuant to Fed. R. Civ. P. 30(b)(6), made applicable to this matter by Fed. R. Bankr. P. 7030 and 9014(c), for December 9, 2015 at 10:00 a.m. at the offices of Duane Morris LLP, 222 Delaware Avenue, Suite 1600, Wilmington, Delaware 19801-1659, has been continued to **a date to be determined**, beginning at 10:00 a.m.  When it takes place, the deposition will conducted before a certified court reporter or some other officer authorized by law to administer oaths by means of stenographic and/or video and/or audio recordings, at the offices of Duane Morris LLP, 222 Delaware Avenue, Suite 1600, Wilmington, Delaware 19801-1659 and will continue from day to day until completed.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Watford City Disposal Partners, LP (1520); Citadel Energy SWD Holdings, LLC (5266); Citadel Energy Holdings, LLC (5061).  The Debtors' address is 502 3rd Ave. SW, Watford City, North Dakota 58854.

[2] On September 22, 2015, the Court entered the *Order Dismissing the Chapter 11 Case of Citadel Energy Holdings, LLC and Amending the Joint Administration Order* in Case No. 15-11322.  As a result, the case of Citadel Watford City Disposal Partners, L.P., Case No. 15-113233, became the lead case in which all pleadings should be filed.

Pursuant to Fed. R. Civ. P. 30(b)(6), Pembroke Fields, LLC is required to designate one or more corporate representatives to testify on its behalf with regard to each subject matter set forth in the attached **Exhibit "A"**, and the individual or individuals so designated to testify shall be knowledgeable with respect to those items set forth on Exhibit "A" hereto.

| | |
|---|---|
| Dated: December 8, 2015<br>Wilmington, Delaware | **DUANE MORRIS LLP**<br><br>*/s/ Sommer L. Ross*<br>Michael R. Lastowski (DE 3892)<br>Sommer L. Ross (DE 4598)<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801-1659<br>Telephone: (302) 657-4955<br>Facsimile: (302) 657-4901<br>E-Mail: mlastowski@duanemorris.com<br>slross@duanemorris.com<br><br>*Counsel to Nathan Dahl* |

# EXHIBIT "A"

## DEFINITIONS

1. "<u>All Documents</u>" shall mean every document, whether an original or copy, known to you, and every such document or writing which you can locate or discover by reasonably diligent efforts.

2. The term "<u>and</u>" shall mean and/or.

3. The term "<u>any</u>" shall mean any and all.

4. "<u>Bankruptcy Court</u>" shall mean the United States Bankruptcy Court for the District of Delaware.

5. "<u>Chapter 11 Case</u>" shall mean the voluntary cases commenced by the Debtors pursuant to chapter 11 of title 11 of the United States Code with the Bankruptcy Court that are being jointly administered under Case No. 15-11323 (KJC).

6. "<u>Communication</u>," "<u>discussion</u>" or "<u>statement</u>" means any manner or means of disclosure, transfer, or exchange, and any disclosure, transfer or exchange of information whether orally or by document, or whether face-to-face, by telephone, e-mail, mail, personal delivery or otherwise.

7. The term "<u>Contact</u>" or "<u>Contacted</u>" shall mean any communication whether oral, written or otherwise.

8. "<u>Citadel Energy Services</u>" shall mean Citadel Energy Services, LLC.

9. "<u>Citadel Energy SWD</u>" shall mean Citadel Energy SWD Holdings, LLC.

10. "<u>Citadel Watford</u>" shall mean Citadel Watford City Disposal Partners, LP.

11. "<u>Dahl</u>" shall mean Nathan Dahl.

12.     "<u>Debtors</u>" shall mean, collectively, Citadel Energy Services, LLC, Pembroke Fields, LLC, Citadel Watford City Disposal Partners, LP and Citadel Energy SWD Holdings, LLC.

13.     "<u>Document</u>" or "<u>Documents</u>" shall mean all written, typewritten, handwritten, recorded or printed matter of any kind, including the originals and all identical and/or non-identical copies thereof, including any non-identical copies different from the originals by reason of any notation made on such copies or otherwise, including without limitation, minutes and/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports and/or summaries of investigations or reports, strategic or business plans or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice and intra-office communications, offers, notations of any sort of conversations, appointment books, day planners, calendars or other appointment or activity schedule, teletypes, telefax, thermafax, confirmations, computer files, printouts of computer files, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed); all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphic or manual records or representations of any kind, including without limitation, photographs, microfiche, microfilm, video tape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including without limitation, tapes, cassettes, disks, magnetic cards, and recordings; and all other similar material which is in your possession, custody or control. Without limiting the term "control" as used in the preceding sentence, a document shall be

deemed to be within your control, regardless of its physical location, if you have the right to secure the document or a copy thereof from another person or entity, either public or private, including, but not limited to, your legal counsel, having actual possession thereof.

14. The term "each" shall mean each and every.

15. "Identify," when used in reference to a document, shall mean to state the nature of the document (*e.g.*, letter, memorandum, *etc*.); the date, if any, appearing on the document; the identity of the person(s) who wrote, signed, dictated or otherwise participated in the preparation of the document; the identity of all persons who received copies of the document; and the present location and custodian of the document.

16. "Identify" or "identity," when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business.

17. "Identify" or "identity," when used in reference to an individual person, shall mean to state his or her full name, present or last known business address and residential address, business and residential telephone number and the name of such person's present or last known employer, place of employment and position during the relevant time period.

18. "Injected Fluids" shall have the meaning ascribe to it under the Lease.

19. "Lease" shall mean that certain Saltwater Injection And Surface Use Lease dated as of September 12, 2013 entered into between Pembroke, as tenant, and Dahl, as landlord.

20. "Leased Premises" shall mean the land owned by Dahl located at SWSW Section 34, T148, R98W, McKenzie County, North Dakota and which Dahl has leased to Pembroke pursuant to the Lease.

21. "Mechanics' Liens" shall mean the following liens recorded against the Leased Premises prior to the Petition Date, which, in the aggregate, total $1,173,119.74, before application of interest and any other fees and costs the lien holders may be entitled to:

| Lien Holder | Amount Recorded | Date Recorded |
| --- | --- | --- |
| K & R Well Service | $12,925.20 | March 4, 2015 |
| K & R Roustabout | $949,268.82 | March 4, 2015 |
| Meadowlark Companies, Inc. | $40,367.50 | June 17, 2014 |
| Mid-States Supply Company, Inc. | $130,371.00 | March 30, 2015 |
| Bakersfield Pipe & Supply Inc. | $40,187.41 | December 10, 2014 |

22. "Meter" shall mean the meter or meters located on the Leased Premises that record the amount of Injected Fluids actually injected into the Well on the Leased Premises.

23. "Monthly Rent" shall have the meaning ascribe to it under the Lease.

24. "Motion" shall mean the Motion of Nathan Dahl For Relief From The Automatic Stay To Continue Eviction Proceeding Related To Saltwater Injection And Surface Use Lease Dated September 12, 2013 filed on September 14, 2015 in the Debtors' Chapter 11 Case.

25. "Objection" shall mean the Debtors' objection to the Motion filed on October 9, 2015 in the Debtors' Chapter 11 Case.

26. The term "or" shall mean and/or.

27. "Pembroke" shall mean Pembroke Fields, LLC.

28. "Petition Date" shall mean June 19, 2015 and refer to the date upon which the Debtors commenced the Chapter 11 Case.

29. "Prepetition Lease Assignment and Sale" refers to the transaction or transactions evidenced by that certain Assignment and Assumption Agreement dated as of May 1, 2015 by and between Pembroke and North Dakota Water Partners, LLC and that certain Bill of Sale dated May 1, 2015.

4

30. "<u>Refer</u>," "<u>relate</u>," "<u>reflect</u>," "<u>regard</u>," "<u>refer to</u>," "<u>relate to</u>," "<u>relating to</u>" and "<u>concerning</u>" (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting or constituting.

31. "<u>Well</u>" or "<u>Salt Water Disposal Well</u>" shall mean the well located on the Leased Premises.

## DEPOSITION TOPICS

1. The amount of saltwater and accompanying liquids and semi-solids delivered to the Leased Premises to be injected into the Well and the calculation, monitoring and reporting of same.

2. The amount of Injected Fluids actually injected into the Well on the Leased Premises and the calculation, monitoring and reporting of same.

3. Reports and other documents filed with the State of North Dakota relating to the Debtors' operations on the Leased Premises, including, but not limited to, reports relating to the amount of Injected Fluids actually injected into the Well and the amount of saltwater and accompanying liquids and semi-solids delivered to the Leased Premises.

4. The Monthly Rent due under the Lease.

5. The Monthly Rent actually paid under the Lease.

6. The Meter and the Meter malfunction referenced in the Objection.

7. Maintenance of the Meter, both before, during and after the Meter malfunction referenced in the Objection.

8. The dimensions of the pad currently located on the Leased Premises.

9. The dimensions of the pad located on the Leased Premises prior to the pad expansion referenced in the Motion and Objection.

10. The pad expansion referenced in the Motion and Objection.

11. The square footage and location of the space occupied by you and/or the Debtors on or contiguous to the Leased Premises (including the pad) prior to the pad expansion referenced in referenced in the Motion and Objection.

12. The square footage and location of the space occupied by you and/or the Debtors on or contiguous to the Leased Premises (including the pad) after the pad expansion referenced in the Motion and Objection.

13. Your and/or the Debtors' contention that the Prepetition Lease Assignment and Sale was nullified and/or reversed.

14. Your and/or the Debtors' contention that you and/or the Debtors have overpaid Dahl amounts due under the Lease.

15. Citadel Energy's solids permit.