## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., *et al.*,[1] | Case No.: 15-11323 (KJC) |
| Debtors. | Jointly Administered |
| | **RE: D.I. 143, 184 and 237** |

## ORDER (1) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363(B), (F) AND (M); (2) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THEREFORE; AND (3) GRANTING RELATED RELIEF

Whereas on December 18, 2015, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their counsel, having filed the Motion of the Debtors for Orders: (A)(I) Approving Stalking Horse Bidder, (II) Approving Bidding Procedures in Connection with the Sale of Substantially All Assets of the Debtors and/or Entry into a Plan Sponsor Agreement, (III) Scheduling an Auction and Hearing to Consider the Sale of Assets and (IV) Approving the Form and Manner of Notice Thereof; (B)(I) Authorizing and Approving the Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Interests and (II) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (the "Sale Motion") [D.I. 143]; and

WHEREAS on January 14, 2016, this Court entered an Order: (A) Approving Stalking Horse Bidder, (B) Approving Bidding Procedures in Connection with the Sale of Substantially All Assets of the Debtors, (C) Scheduling an Auction and Hearing to Consider the Sale of Assets, (D)

---

[1]     The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520).  The mailing address for each Debtor is, PO Box 2127, Watford City, ND 58854.

Approving the Form and Manner of Notice thereof; and (E) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases ("Bid Procedures Order") [D.I.184]; and

WHEREAS, in accordance with the terms and procedures set forth in the Bid Procedures Order, E-Source Energy SWD, LLC  (the "Purchaser"), was the successful bidder for the assets, having made the highest and best offer for the purchase of the assets (the "Assets"); and

WHEREAS, the Court, having reviewed the Sale Motion, evidence and arguments of counsel at the hearing on the Sale Motion (the "Sale Hearing") and the record before the Court with respect to the Sale Motion, hereby concludes that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the notice of the Sale Motion and of the Sale Hearing was sufficient under the circumstances and that no further notice needs be given; and (d) the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon the record of the Sale Hearing, it is

HEREBY FOUND AND DETERMINED THAT:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this matter pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute a conclusion of law, each such conclusion is adopted as such. To the extent any of the following conclusions of law constitutes a finding of fact, each such conclusion is adopted as such.

B.    Proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with Sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the local rules of this Court and the Bid Procedures Order. The Debtors have given due and proper notice of the sale. The Debtors also gave due and proper notice of the assumption, sale and assignment of each Assumed Contract (as defined in the Asset Purchase Agreement) to each non-Debtor party under each such Assumed Contract. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Sale Motion, Bidding Procedures, Auction, Sale Hearing and assumption and assignment of the Assumed Contracts, or of the entry of this Order, is necessary or shall be required.

C.    A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities as outlined in the Sale Motion.

D.    The record demonstrates a sufficient basis requiring the sale of the Assets and assumption and assignment the Assumed Contracts under sections 363 and 365 of the Bankruptcy Code. Approval of the Sale Motion and an appropriate form of agreement and the consummation of the transaction contemplated in Sale Motion and provided for in this Order is in the best interests of the Debtors, their creditors and their estates.

## Jurisdiction and Statutory Predicates

E.    This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334. This proceeding is core pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (0). Venue is proper in this district and in this Court pursuant to 28 U.S.C. § 1408.

F.    The statutory predicates for the relief sought in the Sale Motion are sections 105 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006. The proposed sale constitutes a sale of property of the estate outside the ordinary course of business within the meaning of Section 363(b) of the Bankruptcy Code.

## Good Faith of Purchaser

G.    The Purchaser is purchasing substantially all of the Debtors' assets in good faith and is a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code and, therefore, is entitled to the protections of that provision, and otherwise has proceeded in good faith in all respects in that: (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the Assets; (ii) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the sale shall have been disclosed; (iii) the transaction was negotiated in good faith, based upon arm's length negotiations, and without collusion; and (iv) the Purchaser has not otherwise violated section 363(n) of the Bankruptcy Code by any action or inaction.

H.    The terms and conditions of the proposed sale, as set forth in the Asset Purchase Agreement attached hereto as Exhibit 1 (the "Asset Purchase Agreement") on an as-is basis for (the "Purchase Price"), are fair and reasonable, and the transaction is in the best interests of the Debtors' estates.  The Purchase Price represents a fair and reasonable offer to purchase the Assets under the circumstances of this Chapter  11 case, and constitutes adequate and reasonably equivalent value for the Assets.

## Highest or Best Offer

I.    Purchaser's bid constitutes the highest or best offer for the Assets.

4

J.      There exist compelling circumstances and good, sufficient, and sound business purpose and justification for the sale prior to, and outside of, a plan.

K.      The Debtors have full corporate power and authority to execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby, provided however, that the Court may require that the Asset Purchase Agreement be executed by a designated representative of the Debtors or a successor to the Debtors in Possession to the extent necessary to close upon the sale.  No further consents or approvals are required for the Debtors to consummate the transaction contemplated by this Order.

## Successor Liability

L.      The Purchaser is not and shall not be deemed to be a Successor to the Debtors or their estates.

M.      The sale does not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtors.

## Section 363 Sale Free and Clear of Interests

N.      The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full. Therefore, the Debtors may sell the Assets to the Purchaser free and clear of all claims, liens, security interests, leases, encumbrances, interests, contract rights, and tort claims, and the like, including but not limited to, successor liability claims and shall be free and clear of any liability, each to the full extent permitted by section 363 of the Bankruptcy Code (collectively "Interests") in the Assets pursuant to Section 363(f) of the Bankruptcy Code.

O.      With respect to any and all entities and persons asserting any Interests in and to the Assets (including those of any taxing authorities or other Government Authorities), either (i) such

person or entity has consented to the sale and transfer of the Assets free and clear of such Interest, (ii) applicable non-bankruptcy law permits the sale of the Assets free and clear of such Interest, (iii) such Interest is in *bona fide* dispute, or (iv) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest.

P.      Given all of the circumstances of the Debtors' Chapter 11 cases and the adequacy and fair value of the Purchase Price, the proposed sale of the Assets to the Purchaser constitutes a reasonable and fair exchange of consideration for the Assets.

### Assumption and Assignment of Contracts

Q.      The Debtors and Purchaser have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(l)(A), (B) and 365(f), in connection with the sale and the assumption and assignment of the Assumed Contracts.  Purchaser has demonstrated adequate assurance of future performance with respect to the Assumed Contracts pursuant to section 365(b)(l)(C) of the Bankruptcy Code.  The assumption and assignment of the Assumed Contracts pursuant to the terms of this Order is integral to the Asset Purchase Agreement and is in the best interests of the Debtors, their estates and creditors and other parties in interest, and represents the exercise of sound and prudent business judgment by the Debtors.

R.      The Assumed Contracts are assignable notwithstanding any provisions contained therein to the contrary.  The Debtors and Purchaser have provided for the cures and/or other payments or actions required under the Bankruptcy Code to assume and assign the Assumed Contracts to Purchaser.  Purchaser has provided adequate assurance of future performance under the Assumed Contracts.

### As Is, Where Is

6

S.    The sale of the Assets shall be as is, where is, free of any express or implied representation or warranties of any kind.  For the avoidance of doubt, neither the Purchaser nor its successors or assigns shall be entitled to assert any warranty claims against the Debtors or their bankruptcy estates of any kind or nature.

## Miscellaneous

T.    All findings of fact and conclusions of law announced by the Court at the Sale Hearing are hereby incorporated herein.

U.    The provisions of Local Rule 6004-1 are waived.

V.    The sale of the Assets outside of a chapter 11 plan pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the  Debtors. The sale does not constitute a *sub rosa* chapter 11 plan.

W.    The credit bid set forth in the Asset Purchase Agreement was a valid and proper offer that is consistent with the Bid Procedures Order and sections 363(b) and 363(k) of the Bankruptcy Code.

IT IS, THEREFORE, HEREBY ORDERED THAT:

1.    The relief requested in the Sale Motion is GRANTED with respect to the sale of the Assets to the Purchaser.

2.    All objections to the Sale Motion or the relief requested therein not otherwise resolved by this Order are hereby overruled and denied on the merits.

3.    The sale of the Assets, the terms and conditions of the Asset Purchase Agreement (including all schedules and exhibits affixed thereto), the credit bid (the "Credit Bid Amount") and

the transactions contemplated thereby be, and hereby are, authorized and approved.

4.      The sale of the Assets and the consideration provided under the Asset Purchase Agreement, including the Credit Bid Amount, are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

5.      The Debtors are authorized, empowered and directed pursuant to Sections 105 and 363 of the Bankruptcy Code to execute and deliver to the Purchaser the Asset Purchase Agreement and the other agreements referenced therein, and to implement and consummate the sale and transfer the Assets to the Purchaser.  The Asset Purchase Agreement shall be executed by a designated representative of the Debtors or a successor to the Debtors in Possession to the extent necessary to close the sale.

6.      This Order shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors (whether known or unknown), any holders of Interests in the Assets, the Purchaser, all successors and assigns of the Purchaser, the Assets and any trustees subsequently appointed in the Debtors' Chapter 11 cases or upon a conversion to Chapter 7 under the Bankruptcy Code of any of the Debtors' cases.  This Order and the Asset Purchase Agreement shall inure to the benefit of the Debtors, their estates, their creditors, the Purchaser, and their respective successors and assigns.

7.      All entities that are in possession of some or all of the Assets at the time of the closing of the sale (the "Closing") are directed to surrender possession of such Assets to the Purchaser or its assignee at the Closing.

8

8.      To the greatest extent available under applicable law, Purchaser shall be authorized, as of the Closing, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to Purchaser as of the Closing.

9.      Except as otherwise expressly provided for in this Order or the Asset Purchase Agreement, the Purchaser shall not have any liability or responsibility for any liability or other obligation of the Debtors, including without limitation, arising under or related to the Assets for any period of time prior to the Closing Date.  Without limiting the generality of the foregoing, the Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising prior to the Closing, whether relating to or arising out of the Assets or otherwise.

10.     The sale of the Assets shall be as is, where is, free of any express or implied representation or warranties of any kind except as specifically set forth in the Asset Purchase Agreement.  For the avoidance of doubt, neither the Purchaser nor its successors or assigns shall be entitled to assert any warranty claims against the Debtors or their bankruptcy estates of any kind or nature except as specifically set forth in the Asset Purchase Agreement.

11.     Except as expressly provided for herein, pursuant to Sections 105 and 363 of the Bankruptcy Code, any and all creditors of the Debtors shall be barred, estopped and enjoined from taking any action of any kind against Purchaser and its successors and assigns or the Assets on

9

account of any claim or Interest against the Debtors, or the Assets, arising prior to the Closing Date under the Asset Purchase Agreement.

12.    Purchaser is not a successor to the Debtors or their estates by reason of any theory of law or equity and Purchaser shall not assume or in any way be responsible for any liability or obligation of the Debtors and/or their estates, except as otherwise expressly provided in the Asset Purchase Agreement and related documents, to the extent allowed by applicable law.

13.    The Purchaser is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is granted the full protections of Section 363(m) of the Bankruptcy Code.

14.    The sale approved by this Order is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code.

15.    Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry and the Debtors are authorized to close the sale immediately upon entry of this Order.

16.    If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing liens (collectively "Liens") and other Interests of record against or in the Assets has not delivered to the Debtors or the Purchaser prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Liens and other Interests that the person or entity has with respect to the Assets, then, upon Closing, (a) the Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets, and (b) the Purchaser is hereby  authorized to file,

register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and other Interests against or in the Assets.

17.    The automatic stay provisions of Section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the Asset Purchase Agreement and the provisions of this Order.

18.    No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the sale.

19.    Subject to the terms of the Asset Purchase Agreement and the occurrence of the Closing, the assumption by the Debtors of the Assumed Contracts and the sale and assignment of such agreements to Purchaser, as provided for or contemplated by the Asset Purchase Agreement, shall be, and hereby is, authorized and approved pursuant to sections 363 and 365 of the Bankruptcy Code.

20.    The Assumed Contracts shall be deemed valid and binding and in full force and effect and assumed by the Debtors and sold and assigned to Purchaser at the Closing, pursuant to sections 363 and 365 of the Bankruptcy Code, subject only to the payment of cure amounts and/or the cure of any existing default associated with the Assumed Contracts set forth on Exhibit 2 (each a "Cure Amount" and together, the "Cure Amounts").  Prior to closing on the Asset Purchase Agreement, Purchaser may remove any Assumed Contract from Exhibit 2 and the counter-party to such contract shall me notified that the contract was not assumed and assigned to Purchaser.

21.    Notwithstanding any notice, statement to the contrary or other provision set forth in this Order, as of January 31, 2016, the agreed upon cure cost associated with that certain

11

Saltwater Injection and Surface Use Lease dated September 12, 2013 by and between Pembroke Fields, LLC, as Operator, and Nathan Dahl (the "Landlord"), as Surface Owner (the "Landlord's Lease"), is as follows (hereinafter, the "Landlord's Cure"): (a) $135,000 (the "Landlord's Cure Payment"); and (b) release or expungement of the following liens recorded against the leased premises as a result of the Debtors' business operations (hereafter, the "Additional Landlord Cure Obligation"): (i) lien recorded by Meadowlark Companies on June 17, 2014 in the amount of $40,367.50; (ii) lien recorded by Bakersfield Pipe & Supply on December 10, 2014 in the amount of $40,187.41; (iii) lien recorded by K&R Well Service on March 4, 2015 in the amount of $12,925.20; (iv) lien recorded by K&R Roustabout on March 4, 2015 in the amount of $949,268.82; (v) lien recorded by Mid-States Supply Company, Inc. on March 30, 2015 in the amount of $130,371.00; and (vi) lien recorded by Bruce G. Langhus on June 18, 2015 asserting a 3% ownership interest in Citadel Energy Services (collectively, the "Existing Mechanics' Liens"). The Landlord's Cure Payment shall be paid by Purchaser as follows: (i) $50,000 paid at Closing with the balance to be repaid in monthly installments commencing on the first day of the fourth (4th) month after the month in which the Closing occurs, with each payment being at least $3,000 per month; *provided however*, the entire Landlord's Cure Payment shall be repaid within twenty-eight (28) months of Closing. The Landlord's Cure Payment represents the amount due to Landlord under Section 365(b) of the Bankruptcy Code, after applying any and all setoffs. The Additional Landlord Cure Obligation shall be satisfied upon release and/or expungement of each the Existing Mechanics' Liens. All existing defaults under the Landlord's Lease shall be deemed cured upon the Closing of the asset sale, payment of the initial  payment of $50,0000 toward the Landlord's Cure Payment, and satisfaction of the Additional Landlord Cure Obligation. All

remaining amounts owed on the Landlord's Cure Payment shall be added to the Purchaser's obligations under the Landlord's Lease, as assumed.

22.    Upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested in all right, title and interest of each Assumed Contract. The Debtors shall cooperate with, and take all actions reasonably requested by Purchaser to effectuate the foregoing.

23.    All defaults or other obligations under the Assumed Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b )(2) of the Bankruptcy Code) shall be deemed cured by payment of the Cure Amounts.

24.    Any provision in any Assumed Contract that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtors, or that purports to declare a breach, default or payment right as a result of the solvency or financial condition of any guarantor, is unenforceable but only in connection with the assignment of the Assumed Contract to Purchaser pursuant to this Order, and all Assumed Contracts shall remain in full force and effect, subject only to payment of the appropriate Cure Amount, if any. No sections or provisions of any Assumed Contract that purports to declare a breach, default or payment right or that purports to provide for additional payments, penalties, charges or other financial accommodations in favor of the non-Debtor parties to the Assumed Contracts as a result of the assignment of the Assumed Contract to Purchaser pursuant to this Order shall have any force and effect with respect to the sale transaction and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the

13

Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code but only in connection with the assignment of the Assumed Contracts to Purchaser pursuant to this Order and no assignment of any Assumed Contract pursuant to the terms of the Asset Purchase Agreement and this Order shall in any respect constitute a default under any Assumed Contract. The non-Debtor party to each Assumed Contract shall be deemed to have consented to such assignment under section 365(c)(l)(B) of the Bankruptcy Code, and Purchaser shall enjoy all of the rights and benefits under each such Assumed Contract as of the applicable date of assumption without the necessity of obtaining such non-Debtor party's written consent to the assumption or assignment thereof.

25.    The failure to specifically include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Debtors be authorized to enter into the Asset Purchase Agreement.

26.    This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Asset Purchase Agreement, all modifications thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith or which has been assigned or sold by the Debtors to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale, the Asset Purchase Agreement (and all agreements and instruments related thereto). To the extent that any relief is sought with respect to the terms of this Order or the Asset Purchase Agreement, the Debtors, Purchaser or any other party-in-interest shall submit such dispute to this Court; *provided, however*, that any dispute(s) between the Purchaser and Landlord related to the Landlord's Cure, including, but not limited to, the payment or non-payment of the Landlord's Cure

14

Payment provided for in this Order, may also be submitted by either the Purchaser or Landlord to a North Dakota state or federal court that has territorial jurisdiction over the real property that is the subject of the Landlord's Lease.

27.    To the extent that any provisions of this Order shall be inconsistent with the provisions in the Asset Purchase Agreement, any prior order, or any pleading with respect to the motions in these cases, the terms of this Order shall control.

Dated:  February 10, 2016

The Honorable Kevin J. Carey
United States Bankruptcy Judge

15