# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No: 15-11323-KJC<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

### DEBTORS' MOTION FOR ORDER EXTENDING AND APPLYING THE AUTOMATIC STAY TO CERTAIN NON-DEBTORS

Pembroke Fields, LLC, Citadel Energy Services, LLC, Citadel Energy SWD Holdings, LLC and Citadel Watford City Disposal Partners, LP (collectively, "Debtor"), by and through their undersigned counsel, hereby move ("Motion") this Honorable Court for the entry of an order pursuant to sections 105(a), and 362 of title 11 of the United States Code ("Bankruptcy Code") to extend and apply the Automatic Stay to certain non-debtors. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

2. The statutory basis for the relief requested herein is Bankruptcy Code sections 105 and 362.

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is, PO Box 2127, Watford City, ND 58854.

**BACKGROUND**

3.      On June 19, 2015 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. On or about July 20, 2015, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases.

4.      On June 29, 2015, Leland Properties, LLC, Russel Miller, Jr., Todd Jorgensen, Peter Pifer, the Anthony & Angela Reed Family Trust, Blue Water Family Limited Partnership, Robert Frazier and the Grimsley Family Trust (collectively, "California Plaintiffs") filed a complaint ("California Action") against Citadel Energy Partners, LLC, Citadel Energy SWD Holdings, LLC, Stanton Dodson, Mark Dunaway, Chris Dopson, Louis Bridges, Alastair Smith, Carl Coward, Joseph Wilen, North Dakota Water Partners, LLC, North Dakota Water Solutions, LP, Jonathon P. Reuben, Nicolas J. Vanderwey, Does 1-100, Fort Berthold Water Partners, LP and Citadel Watford City Disposal Partners, LP (collectively, "California Defendants") in the United States District Court for the Central District of California ("California Court") (Case No. 2:15-cv-04891-R-AJW). The California Plaintiffs' claims in the California Action center around breaches of fiduciary duties and fraud by former officers and directors of the Debtors, as well as professional negligence claims against the Debtors' pre-petition professionals. Eleven of the thirteen counts alleged in the California Action are derivative claims that assert claims which the Debtors may themselves bring, including claims of fraud, breach of fiduciary duties and professional negligence. A true and correct copy of the Second Amended Complaint filed in the California Action is attached as Exhibit A.

**ARGUMENT**

5. Since the majority of claims in the California Action are derivative in nature, the California Action should be stayed so that the Debtors may prosecute them for the benefit of their estates and creditors.

6. It is well established that derivative claims of bankrupt entities are property of the Debtors' estates. *See e.g.*, *Pardo v. Pacificare of Tex., Inc. (In re APF Co.)*, 264 B.R. 344, 363 (Bankr. D. Del. 2001) ("a derivative claim is one that derives from property of the debtor's estate as defined in § 541").

7. Section 362 of the Bankruptcy Code provides in part:

Automatic Stay.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

11 .S.C. § 362(a).

8. The scope of the automatic stay described in section 362 of the Bankruptcy Code (the "Automatic Stay") is broad and covers any action that "would inevitably have an adverse impact on the property of the bankruptcy estate." *In re W.R. Grace & Co.*, 475 B.R. 34, 147-148 (D. Del. 2012) (internal citations omitted).

9. While it is generally understood that the automatic stay applies only to actions against the debtor itself, it is equally well understood that a broader class of actions have the potential to undercut the purposes of the automatic stay. *See In re Sudbury*, 140 B.R. 461, 464

(Bankr. N.D. Ohio 1992) ("The continued prosecution of Plaintiffs' actions would violate the spirit, but not the letter, of section 362 of the Bankruptcy Code . . . There is no question but [that] these are precisely the sort of prepetition actions that are expressly banned by section 362 if the debtor were the defendant. The purpose of section 362 is to afford the debtor relief from such creditor claims.")

10.  For this reason, among others, Congress enacted section 105, which enables a bankruptcy court to "issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of [the Bankruptcy Code]". 11 U.S.C. § 105. Under section 105, courts have "broad authority to enjoin parties other than the bankrupt from commencing or continuing litigation." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 100232 (4th Cir. 1986) (internal quotes omitted). An injunction to third-party litigation is appropriate where, among other things, the "failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through those third parties." *Id.* at 1003; *see also In re Calpine Corp.*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (holding that court may issue a "preliminary injunction in the bankruptcy context where the action to be enjoined is one that threatens the reorganization process"); *In re Lazarus Burman Assocs.*, 161 B.R. 891 (Bankr. E.D.N.Y. 1993) ("When an action by a creditor of a debtor against a non-debtor third party threatens a debtor's reorganization, the creditor's action may be enjoined pursuant to section 105(a).")

11.  The Third Circuit has justified extension of the Automatic Stay to non-debtors when "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *McCartney v. Integra National Bank*

*North*, 106 F.3d 506, 510 (3d Cir.1997) (*quoting A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986)).

12.  As further set forth in the Declaration of Edward T. Gavin IV in Support of Debtors' Motion for Order Extending and Applying the Automatic Stay to Certain Non-Debtors, attached as <u>Exhibit B</u>, under the circumstances of these cases, the California Action should be stayed. The California Action is based upon derivative claims which are property of the Debtors' estates. *See e.g.*, *Pardo v. Pacificare of Tex., Inc. (In re APF Co.)*, 264 B.R. 344, 363 (Bankr. D. Del. 2001) ("a derivative claim is one that derives from property of the debtor's estate as defined in § 541").

13.  Moreover, the Debtors are the real party in interest in the California Action. Through the California Action, the California Plaintiffs seek to obtain possession of property of the Debtors' estates or exercise control over property of the Debtors' estates. The California Action expressly states that the vast majority of the claims are derivative in nature. Such claims against former officers, directors and professionals are property of the Debtors' estates.

14.  Furthermore, even though the California Action has been stayed with regard to claims raised against the Debtors, the California Defendants have a limited pool of funds. They are either individuals not covered by insurance policies who possess a finite amount of assets, or they hold professional liability insurance policies with limits and caps. Any recovery by non-debtor entities would diminish the amount available for any possible subsequent recovery by the Debtors. Therefore, it is without question that the California Action, which expressly asserts derivative claims, cannot be determined without affecting the value of the Debtors' property because derivative claims are property of the Debtors' estates.

15. Additionally, the outcome of the California Action not only could, but would, detrimentally affect the efficient administration of these estates. Among other things, it could require testimony from representatives of the Debtors. If the Debtors were subpoenaed to testify in the California Action, they would be forced to divert limited resources to the California Action, which would not benefit the Debtors' estates or their creditors. Furthermore, any decision rendered by the California Court could collaterally estop the Debtor from challenging the amount of the Debtors' claims against former officers and directors on behalf of the Debtors' estates. Alternatively, if the California Action is not stayed and the Debtors' estates do not intervene in the California Action, the culpability of the Debtors' former officers and directors would be fixed *in abstentia*. Such action is contrary to the intention of the Bankruptcy Code and detrimentally affects the Debtors, their estates, and their creditors.

WHEREFORE the Debtors respectfully request that this Honorable Court enter an order declaring that the automatic stay imposed by section 362 of title 11 of the United States Code stays all proceedings in the California Action, including any claims asserted on behalf of non-debtor entities, along with such further relief as this Court deems just and proper.

Dated: August 3, 2016         **GELLERT SCALI BUSENKELL & BROWN LLC**

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Shannon Dougherty Humiston (No. 5740)
1201 N. Orange St., Ste. 300
Wilmington, DE  19801
Phone: (302) 425-5800
Fax:    (302) 425-5814
mbusenkell@gsbblaw.com
shumiston@gsbblaw.com

*Counsel to the Debtors*