## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Citadel Watford City Disposal Partners, | ) | Case No. 15-11323 (KJC) |
| L.P., et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due:  September 22, 2016 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date:  To be determined** |

### SUMMARY OF ELEVENTH MONTHLY AND FINAL APPLICATION OF WOMBLE CARLYLE SANDRIDGE & RICE, LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD JUNE 1, 2016 THROUGH JULY 7, 2016 AND JULY 22, 2015 THROUGH JULY 7, 2016, RESPECTIVELY

| | |
|---|---|
| Name of Applicant | Womble Carlyle Sandridge & Rice, LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to July 22, 2015[2] |
| Period for which Compensation and Reimbursement is Sought for the Monthly Period: | June 1, 2016 Through July 7, 2016 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Monthly Period: | $3,959 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Monthly Period: | $33.75 |

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520).  The address for each Debtor is PO Box 2127, Watford City, North Dakota 58854.

[2]     See *Order Approving the Application of the Official Committee of Unsecured Creditors for an Order Pursuant to 11 U.S.C. Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble Carlyle Sandridge & Rice, LLP as Counsel nunc pro tunc to July 22, 2015* entered on September 23, 2015 [Docket No. 17].

| Period for which Compensation and Reimbursement is Sought for the Final Period: | July 22, 2015 Through July 7, 2016 |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Final Period: | $219,107.50[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Final Period | $3,779.80 |

This is a(n):  X  Monthly ___ Interim  X  Final Fee Application

This is WCSR's eleventh monthly and final application.


**Applications Filed:**

| | | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 10/2/2015 | 7/22/2015 – 8/31/2015 | $71,423.50 | $80.31 | $71,423.50 | $80.31 |
| 10/13/2015 | 9/1/2015 – 9/30/2015 | $43,865.50 | $970.92 | $35,092.40 | $970.92 |
| 11/13/2015 | 10/1/2015 – 10/31/2015 | $16,590.50 | $665.10 | $13,272.40 | $665.10 |
| 1/14/2016 | 11/1/2015 – 11/30/2015 | $7,678.50 | $1,207.11 | $6,142.80 | $1,207.11 |
| 1/14/2016 | 12/1/2015 – 12/31/2015 | $12,908 | $29.35 | $10,326.40 | $29.35 |
| 2/16/2016 | 1/1/2016 – 1/31/2016 | $23,057 | $125.60 | $18,445.60 | $125.60 |

---

[3]      The total amount of fees incurred includes an estimate of $2,000 (the "Supplemental Amount") in connection with preparation of the final application.

| | | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 3/18/2016 | 2/1/2016 – 2/29/2016 | $14,760 | $47.60 | $11,808 | $47.60 |
| 5/23/2016 | 3/1/2016 – 3/31/2016 | $8,644 | $604.14 | $6,915.20 | $604.14 |
| 5/23/2016 | 4/1/2016 – 4/30/2016 | $6,682 | $15.92 | $5,345.60 | $15.92 |
| 6/15/2016 | 5/1/2016 – 5/31/2016 | $7,539.50 | $0 | $6,031.60 | $0 |
| 9/2/2016 | 6/1/2016 – 7/7/2016 | $3,959 | $33.75 | Pending | Pending |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY WOMBLE
CARLYLE SANDRIDGE & RICE, LLP ON BEHALF OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR
THE MONTHLY PERIOD JUNE 1, 2016 THROUGH JULY 7, 2016**

| NAME OF PROFESSIONAL PERSON | POSITION/DATE ADMITTED TO BAR/NUMBER OF YEARS | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION SOUGHT (REFLECTS REDUCTIONS) |
|---|---|---|---|---|
| Thomas M. Horan | Partner - Admitted to Delaware Bar 2005; Joined WCSR in 2009; Partner since 2015 | $455.00 | 1.9 | $864.50 |
| Ericka F. Johnson | Associate - Admitted to Delaware Bar 2007; Joined WCSR 2009 | $405.00 | 4.5 | $1,822.50 |
| Nicholas T. Verna | Associate - Admitted to Delaware Bar 2014; Joined WCSR 2013 | $310.00 | 1.0 | $310.00 |
| Judith B. Wray | Paralegal; Joined WCSR 2014 | $260.00 | 3.7 | $962.00 |
| **TOTALS** | | | **11.1** | **$3,959** |
| **Total Blended Rate** | | | | **$356.67** |

**SUMMARY OF SERVICES BY TASK CODE FOR PROFESSIONAL SERVICES
RENDERED BY WOMBLE CARLYLE SANDRIDGE & RICE, LLP
ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE MONTHLY PERIOD JUNE 1, 2016 THROUGH JULY 7, 2016**

| Task Code | Task Description | Hours | Amount |
|---|---|---|---|
| BKAV | Adversary | 1.3 | $571.50 |
| BKAD | Asset Disposition - General | 0.1 | $40.50 |
| BKH | Court Hearings/Preparation/Agenda | 0.8 | $222.50 |
| BKC | Creditors Committee Meeting/Conferences | 1.9 | $698.50 |
| BKD | Documentations/Plan Negotiation | 0.2 | $91.00 |
| BKF | Fee Application/Monthly Billing | 2.8 | $762.00 |
| BKFO | Fees of Others | 0.5 | $188.50 |
| BKMC | Meetings and Communications with Clients | 0.2 | $62.00 |
| BKM | Other Motion Practice | 0.4 | $162.50 |
| BKPO | Plan of Reorganization | 2.8 | $1,134.00 |
| BKPA | Preference Actions | 0.1 | $26.00 |
| | **Total** | **11.1** | **$3,959** |

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED
BY WOMBLE CARLYLE SANDRIDGE & RICE, LLP ON BEHALF
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
MONTHLY PERIOD JUNE 1, 2016 THROUGH JULY 7, 2016**

| EXPENSES | AMOUNTS |
|---|---|
| Copying/Printing | $33.75 |
| **Total Expenses Requested:** | **$33.75** |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY WOMBLE CARLYLE SANDRIDGE & RICE, LLP ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE FINAL PERIOD JULY 22, 2015 THROUGH JULY 7, 2016**

| NAME OF PROFESSIONAL PERSON | POSITION/DATE ADMITTED TO BAR/NUMBER OF YEARS | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION SOUGHT (REFLECTS REDUCTIONS) |
|---|---|---|---|---|
| Steven K. Kortanek | Partner - Admitted to Delaware Bar 1992; Joined WCSR 2007; Partner since 2007 | $675.00 | 1.7 | $1,147.50 |
| Thomas M. Horan | Partner - Admitted to Delaware Bar 2005; Joined WCSR in 2009; Partner since 2015 | $455.00 | 141.5 | $64,382.50 |
| | | $435.00 | 123.7 | $53,809.50 |
| Ericka F. Johnson | Associate - Admitted to Delaware Bar 2007; Joined WCSR 2009 | $405.00 | 26.6 | $10,773.00 |
| | | $375.00 | 57.8 | $21,675.00 |
| Nicholas T. Verna | Associate - Admitted to Delaware Bar 2014; Joined WCSR 2013 | $310.00 | 35.1 | $10,881.00 |
| | | $295.00 | 105.9 | $31,240.50 |
| Donna H. Thomas | Paralegal; Joined WCSR 2012 | $245.00 | 0.4 | $98.00 |
| Judith B. Wray | Paralegal; Joined WCSR 2014 | $260.00 | 87.2 | $22,672.00 |
| Kristie L. Dalton | Secretary; Joined WCSR 2007 | $125.00 | 0.1 | $12.50 |
| Heidi Sasso | Staff; Joined WCSR 2007 | $260.00 | 1.6 | $416.00 |
| **TOTALS** | | | **581.6** | **$217,107.50** |
| **Total Blended Rate** | | | | **$373.61** |

**SUMMARY OF SERVICES BY TASK CODE FOR PROFESSIONAL SERVICES
RENDERED BY WOMBLE CARLYLE SANDRIDGE & RICE, LLP
ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE FINAL PERIOD JULY 22, 2015 THROUGH JULY 7, 2016**

| Task Code | Task Description | Hours | Amount |
|---|---|---|---|
| BKAV | Adversary | 13.7 | $5,462.00 |
| BKAA | Asset Analysis/Estate Property Due Diligence | 8.4 | $3,388.00 |
| BKAD | Asset Disposition - General | 9.1 | $3,843.00 |
| BKAAA | Avoidance Action Analysis | 0.2 | $91.00 |
| BKBD | Bar Date | 6.5 | $1,994.50 |
| BKBO | Business Operations/Meetings with Debtor | 38.7 | $14,803.50 |
| BKO | Claims Administration | 8.1 | $3,532.00 |
| BKCO | Claims Objections | 2.0 | $549.00 |
| BKH | Court Hearings/Preparation/Agenda | 81.2 | $31,567.00 |
| BKCI | Creditor Information Sharing/1102 Matters | 15.5 | $5,576.50 |
| BKC | Creditors Committee Meeting/Conferences | 38.0 | $13,485.00 |
| BKDIS | Discovery | 52.2 | $20,675.50 |
| BKD | Documentations/Plan Negotiation | 21.5 | $9,782.50 |
| BKE | Executory Contracts/Lease Agreements | 4.8 | $1,731.50 |
| BKF | Fee Application/Monthly Billing | 44.2 | $13,030.50 |
| BKFO | Fees of Others | 8.3 | $3,176.50 |
| BKG | General Case Administration | 9.4 | $2,632.00 |
| BKB | Investigation of Claims | 3.5 | $1,288.50 |
| BKL | Lift Stay Litigation | 1.2 | $501.50 |
| BKLT | Litigation | 1.1 | $410.50 |
| BKMC | Meetings and Communications with Clients | 0.2 | $62.00 |
| BKMD | Motion To Dismiss | 0.3 | $112.50 |

| Task Code | Task Description | Hours | Amount |
|---|---|---:|---:|
| BKM | Other Motion Practice | 56.4 | $21,058.50 |
| BKPO | Plan of Reorganization | 13.8 | $5,978.00 |
| BKP | Post Petition Financing | 19.1 | $7,746.00 |
| BKPA | Preference Actions | 0.5 | $188.00 |
| BKRS | Reports and Schedules | 7.3 | $3,010.50 |
| BKRA | Retention of Applicant | 52.7 | $17,433.50 |
| BKRO | Retention of Others | 9.5 | $3,683.00 |
| BKS | Sale Motion/363 Sales | 38.2 | $14,853.00 |
| BKTM | US Trustee Matters | 16.0 | $5,462.00 |
| | **Total** | **581.6** | **$217,107.50** |

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED
BY WOMBLE CARLYLE SANDRIDGE & RICE, LLP ON BEHALF
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
FINAL PERIOD JULY 22, 2015 THROUGH JULY 7, 2016**

| EXPENSES | AMOUNTS |
|---|---|
| Business Meal | $76.11 |
| Computer Research - Lexis | $30.02 |
| Computer Research - Westlaw | $698.68 |
| Copying/Printing | $2,839.09 |
| Messenger/Courier Service | $15.00 |
| Photocopies | $0.90 |
| Telephone | $120.00 |
| **Total Expenses Requested:** | **$3,779.80** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Citadel Watford City Disposal | ) | Case No. 15-11323 (KJC) |
| Partners, L.P., et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due:  September 22, 2016 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date:  To be determined** |

**ELEVENTH MONTHLY AND FINAL APPLICATION OF WOMBLE
CARLYLE SANDRIDGE & RICE, LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD JUNE 1, 2016 THROUGH JULY 7, 2016 AND JULY 22, 2015
THROUGH JULY 7, 2016, RESPECTIVELY**

Womble Carlyle Sandridge & Rice, LLP ("WCSR"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of the debtors and debtors-in-

possession (collectively the "Debtors") in the above-captioned cases, submits its Eleventh

Monthly and Final Application (the "Application"), pursuant to sections 327, 330(a), and

331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules"), and this Court's *Order Establishing*

*Procedures for Interim Compensation and Reimbursement for Professionals*, entered

August 25, 2015 (the "Interim Compensation Order")[2] [Case No. 15-11322 (KJC), D.I.

110], for (i) the allowance of final compensation for professional services performed by

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as
follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy
SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520).  The address
for each Debtor is PO Box 2127, Watford City, North Dakota 58854.

[2]     Capitalized terms used herein but not capitalized shall have the meaning(s) ascribed to them in the
Interim  Compensation Order.

WCSR for the monthly period June 1, 2016 through and including July 7, 2016 (the "Monthly Period") in the amount of $3,959 (the "Monthly Compensation Amount"), (ii) the allowance of final compensation for professional services performed by WCSR for the final period July 22, 2015 through and including July 7, 2016 (the "Final Period" and together with the Monthly Period the "Compensation Period") in the amount of $219,107.50, of which amount includes the Supplemental Amount, (the "Final Compensation Amount" and together with the Monthly Compensation Amount the "Compensation Amounts"); (iii) reimbursement of its actual and necessary expenses in the amount of $33.75 incurred during the Monthly Period (the "Monthly Expense Amount"); (iv) reimbursement of its actual and necessary expenses in the amount of $3,779.80 incurred during the Final Period (the "Final Expense Amount" and together with the Monthly Expense Amount the "Expense Amounts").  In support of this Application, WCSR respectfully represents the following:

## I.    Jurisdiction

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    Background

3.    On June 19, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  The Debtors' cases are jointly

administered pursuant to an order of the Court entered on September 22, 2015 [Case No. 15-11322 (KJC), D.I. 13].[3]

4.      The Debtors continue to operate their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      On July 20, 2015, the Office of the United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102(a)(1).  The Committee selected and authorized the employment of WCSR as its counsel under Bankruptcy Code section 1103.  On August 18, 2016, the Court entered an Order Approving the Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Shaw Fishman Glantz & Towbin LLC as Counsel nunc pro tunc to July 8, 2016 [D.I. 389].

### III.      Summary of Application for the Compensation Period

6.      By this Application, and in accordance with the Interim Compensation Order, WCSR requests approval of the Compensation Amounts and Expense Amounts for the Compensation Period on a final basis.

7.      On July 30, 2015, the Committee applied to the Court for an order authorizing the Committee to retain WCSR as its counsel, nunc pro tunc to July 22, 2015.

8.      By this Court's Order dated September 23, 2015, the Committee was authorized to retain WCSR as their attorneys effective nunc pro tunc to July 22, 2015 [Case No. 15-11322 (KJC), D.I. 17] (the "Retention Order").  The Retention Order authorizes the Debtors to compensate WCSR in accordance with the procedures set forth

---

[3]      On September 22, 2015, the Court entered an order dismissing the Chapter 11 case of Citadel Energy Holdings, LLC (Case No. 15-11322) and amending the joint administration order [Case No. 15-11322 (KJC), D.I. 159].

in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were to be fixed by order of the Court.  On August 25, 2015, the Court entered the Interim Compensation Order, which established such procedures.

9.    During the Compensation Period, WCSR performed the services for which it is seeking compensation from the Debtors and their estates.  WCSR received no payment and no promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between WCSR and any other person, other than members of the firm, for the sharing of compensation received for services rendered in these cases.

10.    WCSR maintains computerized records of the time spent by all WCSR attorneys and paraprofessionals in connection with its representation of the Committee.  Copies of the computerized records for the Monthly Period are attached as Exhibit A, as further described below.

11.    WCSR seeks monthly allowance and payment, pursuant to Bankruptcy Code sections 330 and 331, of all fee and expenses incurred during the Compensation Period.  The firm's total fees sought for the Monthly Period is $3,959, and its total expenses are $33.75.  The firm's total fees sought for the Final Period are $219,107.50 and its total expenses are $3,779.80.

**A.    Summary of Services Rendered by WCSR During the Monthly Period**

12.    This Application is the eleventh monthly and final fee application that WCSR has filed with the Court in these cases.  During the Application Period, WCSR provided significant professional services to the Committee in its efforts to maximize

value to the estates' stakeholders.  WCSR has (i) assisted the Debtors with developing a

plan of liquidation; (ii) met with the Committee members; and (iii) performed all of the

other professional services that are described in this Application and set forth in the

attached time records.  Moreover, WCSR has sought to minimize the need for judicial

intervention in these cases by close cooperation with the Office of the United States

Trustee, the Debtors, and other parties in interest.

13.     Attached as Exhibit A are WCSR's itemized time records for professionals

and paraprofessionals performing services for the Committee during the Monthly Period.

14.     During the Monthly Period, WCSR billed the Committee for time

expended by attorneys and paraprofessionals based on hourly rates ranging from $260 to

$455 per hour.  The professional services performed by WCSR on behalf of the

Committee during the Monthly Period required an aggregate expenditure of 11.10

recorded hours by WCSR's partners, associates, and paraprofessionals.  WCSR's

blended hourly rate for services provided during the Monthly Period is $356.67.

15.     The fees charged by WCSR as set forth in Exhibit A are billed in

accordance with WCSR's existing billing rates and procedures in effect during the Monthly

Period.  The rates WCSR charges for the services rendered by its professionals and

paraprofessionals in these chapter 11 cases are the same rates that WCSR charges for

professional and paraprofessional services rendered in comparable non-bankruptcy related

matters in a competitive national legal market.

16.     All entries itemized in WCSR's time records comply with the requirements

set forth in Local Rule 2016-2, including, without limitation, (i) the utilization of project

categories, (ii) a description of each activity or service that each individual performed,

and (iii) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each project category in <u>Exhibit A</u> is organized in accordance with WCSR's internal system of project category or work codes (each a "<u>Task Code</u>").[4]  If a Task Code does not appear, then WCSR did not bill time or expenses for that Task Code during the Monthly Period.  In accordance with Local Rule 2016-2(d)(x), all activity descriptions in <u>Exhibit A</u> are presented chronologically within each Task Code category.

17.    The following is a non-exclusive summary of the more significant categories of professional services rendered by WCSR during the Monthly Period.  This summary is organized in accordance with WCSR's internal system of Task Codes.

      (a)    **Documentations/Plan of Reorganization (Task Code BKPO)**
(Fees: $1,134.00; Hours: 2.8)

          (i)    WCSR professionals and paraprofessionals drafted and reviewed documents and participated in communications relating to the Plan and Disclosure Statement of the Debtors.

18.    The foregoing professional services performed by WCSR were necessary and appropriate to the administration of these cases.  The professional services performed by WCSR were in the best interests of the Committee and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved.  The professional services were performed with expedition and in an efficient manner.

---

[4]    In accordance with Local Rule 2016-2(d)(viii), task code BKTT – Travel Time is billed at 50% of the regular hourly basis.

19.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) WCSR's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**B.     Actual and Necessary Expenses of WCSR During the Monthly Period**

20.     Pursuant to Local Rule 2016-2(e), attached as Exhibit B are WCSR's itemized records detailing expenses incurred on behalf of the Committee during the Monthly Period.  As more fully described in Exhibit B, WCSR seeks reimbursement for copying/printing.  All entries detailed in Exhibit B comply with the requirements set forth in Local Rule 2016-2(e), including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.

**C.     Summary of Fees and Expenses During the Final Period**

21.     During the Final Period, WCSR rendered professional services to the Committee solely in connection with these cases and on behalf of the Committee in accordance with WCSR's professional responsibilities.  The services performed were necessary to the administration of these cases and were beneficial to the Debtors' estates and creditors.  All services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the task addressed.

22.     The Monthly Fee Applications covered by the Compensation Period contain detailed time logs describing the actual and necessary services provided and expenses incurred by WCSR during the Compensation Period.  The detailed descriptions and summaries of services rendered and expenses incurred during the Compensation

Period were included in the Monthly Fee Applications and are incorporated herein by reference.

### D.    The Requested Compensation Should Be Allowed

23.    The professional time expended by the firm, the value of said time in fees, and the value of the actual expenses incurred by the firm were actual, reasonable, and necessary.  In all respects, the firm's fees and expenses meet the standards for allowance under Bankruptcy Code section 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees.  See, e.g., In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833 (3d Cir. 1994).

24.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  See 11 U.S.C. § 331.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)(B).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was

8

<div style="margin-left:2em">

rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

</div>

11 U.S.C. § 330(a)(3).

25.    Whenever possible, WCSR sought to minimize the costs of its services to the Committee by assigning tasks as appropriate to junior attorneys and paraprofessionals whose rates are lower.  WCSR's delegation as such has resulted in a very desirable blended rate for its timekeepers in this engagement.

26.    Moreover, all of the services performed by partners and associates of WCSR were rendered by members of the Bankruptcy and Creditors' Rights practice team.  In so doing, WCSR brought to bear the utmost in relevant experience for the Committee and their estates.

27.    In sum, the services rendered by WCSR were necessary and beneficial to the Committee and the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.

Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

      **E.**      **Reservation**

28.      To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or WCSR has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, WCSR reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

### IV.      Notice

29.      Notice of this Application will be served upon: (i) Citadel Watford City Disposal Partners, L.P., P.O. Box 2127, Watford City, North Dakota 58854, (ii) counsel for the Debtors, Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange Street, Suite 300, Wilmington, Delaware 19801, Attn.: Michael G. Busenkell; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: Linda Casey; and (iv) all parties requesting notices pursuant to Bankruptcy Rule 2002.

### V.      Conclusion

WHEREFORE, WCSR respectfully requests that the Court enter an order (i) allowing on a final basis compensation for professional services rendered during the Compensation Period in the amount of $219,107.50 and of the reimbursement for actual and necessary expenses WCSR incurred during the Compensation Period in the amount

of $3,779.80, (ii) allowing such compensation for professional services rendered and

reimbursement of actual and necessary expenses incurred without prejudice to WCSR's

right to seek additional compensation for services performed and expenses incurred

during the Compensation Period, which were not processed at the time of this

Application, and (iii) granting WCSR such other and further relief as is just and proper.

Dated:  September 2, 2016    **WOMBLE CARLYLE SANDRIDGE
             & RICE, LLP**

             */s/ Ericka F. Johnson*
             Ericka F. Johnson (Del. Bar No. 5024)
             Nicholas T. Verna (Del. Bar No. 6082)
             222 Delaware Avenue, Suite 1501
             Wilmington, DE 19801
             Telephone:  (302) 252-4320
             Facsimile:  (302) 252-4330
             E-mail:  erjohnson@wcsr.com
             E-mail:  nverna@wcsr.com

             *Counsel to the Official Committee of
             Unsecured Creditors*