**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Citadel Watford City Disposal Partners, LP, et al.[1] | ) ) | Case No. 15-11323 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |
| | ) | Objection Deadline: October 27, 2016 at 4:00 p.m. (ET) |

**SUMMARY OF SECOND MONTHLY APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD AUGUST 1, 2016 THROUGH AUGUST 31, 2016**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to July 8, 2016 |
| Period for which Compensation is sought: | August 1, 2016 – August 31, 2016 |
| Amount of Fees sought: | $3,319.50 |
| Amount of Expense Reimbursement sought: | $4.00 |
| This is an:    Interim Application   X    | Final Application ____ |

This is the second application filed herein by this professional.

The total time expended in connection with the preparation of this fee application is not included herein as such time was expended after the Compensation Period.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Watford City Disposal Partners, LP (1520); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Energy Services, LLC (7762). The Debtors' address is 502 3rd Ave. SW, Watford City, North Dakota 58854.

{11796-001 APPL A0452593.DOCX 2}

**Applications Filed:**

|  |  | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 09/01/2016 | 07/08/2016–07/31/2016 | $4,674.50 | $32.02 | $3,739.60 | $32.02 |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY SHAW FISHMAN GLANTZ & TOWBIN LLC ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD AUGUST 1, 2016 THROUGH AUGUST 31, 2016**

| NAME OF PROFESSIONAL PERSON | POSITION/DATE ADMITTED TO BAR/NUMBER OF YEARS | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION SOUGHT |
|---|---|---|---|---|
| Thomas M. Horan | Member – Admitted to Delaware Bar 2005; Joined Shaw Fishman as Member 2016 | $495.00 | 4.00 | $1,980.00 |
| Allison B. Hudson | Associate – Admitted to Illinois Bar 2013; Joined Shaw Fishman 2013 | $310.00 | 3.90 | $1,209.00 |
| Maria H Zavala | Paralegal- Joined Shaw Fishman 2006 | $145.00 | 0.90 | $130.50 |
| **TOTALS** | | | **8.80** | **$3,319.50** |
| **Total Blended Rate** | | | | **$377.22** |

**SUMMARY OF SERVICES BY TASK FOR PROFESSIONAL SERVICES RENDERED BY SHAW FISHMAN GLANTZ & TOWBIN LLC ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD AUGUST 1, 2016 THROUGH AUGUST 31, 2016**

| Task Description | Hours | Amount |
|---|---:|---:|
| Adversary Proceedings | 0.20 | $99.00 |
| Automatic Stay | 1.20 | $538.50 |
| Committee Meetings/Communications | 0.60 | $223.00 |
| Creditors and Claims | 0.10 | $49.50 |
| Fee Applications | 3.80 | $1,289.00 |
| Fee Applications/Objections | 0.50 | $247.50 |
| General Investigation | 0.20 | $99.00 |
| Hearings/Agendas | 0.20 | $99.00 |
| Plan of Reorganization | 0.70 | $346.50 |
| Retention of Professionals | 1.30 | $328.50 |
| **TOTAL** | **8.80** | **$3,319.50** |

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED BY
SHAW FISHMAN GLANTZ & TOWBIN LLC ON BEHALF OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD AUGUST 1, 2016 THROUGH AUGUST 31, 2016**

| EXPENSES | AMOUNTS |
|---|---|
| PACER | $4.00 |
| **Total Expenses Requested:** | **$4.00** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Citadel Watford City Disposal Partners, LP, et al.[2] | ) ) | Case No. 15-11323 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) ) | Objection Deadline: October 27, 2016 at 4:00 p.m. (ET) |

**SECOND MONTHLY APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD AUGUST 1, 2016 THROUGH AUGUST 31, 2016**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases, submits its Second Monthly Fee Application (the "Application"), pursuant to sections 327, 330(a), and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement for Professionals*, entered August 25, 2015 (the "Interim Compensation Order")[3] [Case No. 15-11322 Docket No. 110], for (i) the allowance of interim compensation for professional services performed by Shaw Fishman for the period August 1, 2016 through and

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Watford City Disposal Partners, LP (1520); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Energy Services, LLC (7762). The Debtors' address is 502 3rd Ave. SW, Watford City, North Dakota 58854.

[3] Capitalized terms used herein but not capitalized shall have the meaning(s) ascribed to them in the Interim Compensation Order.

{11796-001 APPL A0452593.DOCX 2}    6

including August 31, 2016 (the "Compensation Period") in the amount of $3,319.50 (the "Interim Compensation Amount") and (ii) reimbursement of its actual and necessary expenses in the amount of $4.00 incurred during the Compensation Period (the "Interim Expense Amount"). In support of this Application, Shaw Fishman respectfully represents the following:

### I.      Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 11 U.S.C. § 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.      Background

3. On June 19, 2015 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in these cases (the "Chapter 11 Cases").

5. On July 20, 2015, the Office of the United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102(a)(1). The Committee originally selected Womble Carlyle Sandridge & Rice, LLP ("WCSR") as its counsel. Thomas M. Horan, then a partner with WCSR, was primarily responsible for WCSR's representation of the Committee.

6. On July 19, 2016, the Committee applied to the Court for an order

authorizing the Committee to retain Shaw Fishman as its counsel, *nunc pro tunc* to July 8, 2016.

7. By this Court's Order dated August 18, 2016, the Committee was authorized to retain Shaw Fishman as their attorneys effective *nunc pro tunc* to July 8, 2016 [Docket No. 389] (the "Retention Order"). The Retention Order authorizes the Debtors to compensate Shaw Fishman in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were to be fixed by order of the Court.

### III. Summary of Application for the Compensation Period

8. By this Application, and in accordance with the Interim Compensation Order, Shaw Fishman requests approval of the Interim Compensation Amount and the Interim Expense Amount for the Compensation Period.

9. During the Compensation Period, Shaw Fishman performed the services for which it is seeking compensation from the Debtors and their estates. Shaw Fishman received no payment and no promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with matters covered by this Application. There is no agreement or understanding between Shaw Fishman and any other person, other than members of the firm, for sharing of compensation received for services rendered in these cases.

10. Shaw Fishman maintains computerized records of the time spent by all Shaw Fishman attorneys and paraprofessionals in connection with its representation of the Committee. Copies of Shaw Fishman's invoice for the Compensation Period is attached hereto as Exhibit A.

11. Shaw Fishman seeks monthly allowance and payment, pursuant to Bankruptcy Code sections 330 and 331, of all fee and expenses incurred during the Compensation Period. The firm's total fees sought for the Compensation Period are $3,319.50, and its total expenses are $4.00.

12. Pursuant to the Interim Compensation Order, 80% of the firm's fees, or $2,655.60, is payable to Shaw Fishman, together with 100% of the firm's expenses, absent an objection to the Application.

A. **Summary of Services Rendered by Shaw Fishman During the Compensation Period**

13. This Application is the second monthly fee application for Interim Compensation that Shaw Fishman has filed with the Court in these cases. During the Application Period, Shaw Fishman provided the following professional services to the Committee: (i) preparing and filing Shaw Fishman's first monthly fee application; (ii) reviewing and considering the Debtors' motion to extend the automatic stay to litigation pending in California; (iii) communicating with Committee members regarding the filed plan of liquidation; (iv) reviewing hearing agendas; (v) reviewing and considering fee applications of other professionals ; and (vi) performing all of the other professional services that are described in this Application and set forth in the attached time records.

14. Attached as <u>Exhibit A</u> are Shaw Fishman's itemized time records for professionals and paraprofessionals performing services for the Committee during the Compensation Period.

15. During the Compensation Period, Shaw Fishman billed the Committee for time expended by attorneys and paraprofessionals based on hourly rates ranging from $145.00 to $495.00 per hour. The professional services performed by Shaw Fishman on

behalf of the Committee during the Compensation Period required an aggregate expenditure of 8.80 recorded hours by Shaw Fishman's members, associates and paraprofessionals. Shaw Fishman's blended hourly rate for services provided during the Compensation Period is $377.22.

16. The fees charged by Shaw Fishman as set forth in Exhibit A are billed in accordance with Shaw Fishman's existing billing rates and procedures in effect during the Compensation Period. The rates Shaw Fishman charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates that Shaw Fishman charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters in a competitive national legal market.

17. All entries itemized in Shaw Fishman's time records comply with the requirements set forth in Local Rule 2016-2, including, without limitation, (i) the utilization of project categories, (ii) a description of each activity or service that each individual performed, and (iii) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each project category in Exhibit A is organized in accordance with Shaw Fishman's internal system of project category or work codes (each a "Task Code"). If a Task Code does not appear, then Shaw Fishman did not bill time or expenses for that Task Code during the Compensation Period, but may bill time for that Task Code in the future. In accordance with Local Rule 2016-2(d)(x), all activity descriptions in Exhibit A are presented chronologically within each Task Code category.

18. The foregoing professional services performed by Shaw Fishman were necessary and appropriate to the administration of these cases. The professional services

performed by Shaw Fishman were in the best interests of the Committee and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

19. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Shaw Fishman's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

    **B.**    **Actual and Necessary Expenses of Shaw Fishman**

20. Pursuant to Local Rule 2016-2(e), attached as Exhibit A is Shaw Fishman's itemized records detailing expenses incurred on behalf of the Committee during the Compensation Period.

21. As more fully described in <u>Exhibit A</u>, Shaw Fishman seeks reimbursement for the following categories of expenses: Pacer Research. All entries detailed in <u>Exhibit A</u> comply with the requirements set forth in Local Rule 2016-2(e), including an itemization of the expense by category, the date the expense was incurred, and the individual incurring the expense, where available. Shaw Fishman has not requested for reimbursement of expenses related to overhead charges.

22. Shaw Fishman has incurred $4.00 in out-of-pocket expenses incurred as reasonable and necessary costs relating to serving as counsel to the Committee during the

Compensation Period. These charges are intended to cover Shaw Fishman's direct costs incurred in representing the Committee, which costs are not incorporated in any respect into Shaw Fishman's hourly billing rates. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.  Only clients who actually use services of the types set forth in Exhibit A are separately charged for such services. Shaw Fishman has made every effort to minimize its expenses in these cases. The actual expenses incurred in providing professional services were necessary, reasonable, and tailored to serve the needs of the Committee.

### C. The Requested Compensation Should be Allowed

23. The professional time expended by the firm, the value of said time in fees, and the value of the actual expenses incurred by the firm were actual, reasonable, and necessary. In all respects, the firm's fees and expenses meet the standards for allowance under Bankruptcy Code section 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees. See, e.g., In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833 (3d Cir. 1994).

24. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)(B). Section 330 of the Bankruptcy Code also sets forth the criteria

for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3).

25. Whenever possible, Shaw Fishman sought to minimize the costs of its services to the Committee by assigning tasks as appropriate to junior attorneys and paraprofessionals whose rates are lower. Shaw Fishman's delegation as such has resulted in a desirable blended rate for its timekeepers.

26. Moreover, all of the services performed by partners and associates of Shaw Fishman were rendered by professionals in the firm's commercial bankruptcy and restructuring practice area. In so doing, Shaw Fishman brought to bear the utmost in relevant experience for the Committee and their estates.

27. In sum, the services rendered by Shaw Fishman were necessary and beneficial to the Committee and the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**D. Reservation**

28. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Shaw Fishman has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Shaw Fishman reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**IV.    Notice**

29. Notice of this Application will be served upon: (i) Citadel Watford City Disposal Partners, L.P., P.O. Box 2127, Watford City, North Dakota 58854, (ii) counsel for the Debtors, Gellert Scali Busenkell & Brown, LLC, 913 N. Market Street, 10th Floor, Wilmington, Delaware 19801, Attn.: Michael G. Busenkell; and (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: Linda Casey.

**V.    Conclusion**

30. WHEREFORE, Shaw Fishman respectfully requests that the Court enter an order: (i) allowing interim compensation for professional services rendered during the

Compensation Period in the amount of $3,319.50 and of the reimbursement for actual and necessary expenses Shaw Fishman incurred during the Compensation Period in the amount of $4.00, (ii) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Shaw Fishman's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application, and (iii) granting Shaw Fishman such other and further relief as is just and proper.

Date: October 7, 2016  **SHAW FISHMAN GLANTZ & TOWBIN LLC**

/s/ Thomas M. Horan
Thomas M. Horan (Del Bar. No. 4641)
919 N. Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 480-9412
E-mail: thoran@shawfishman.com

*Counsel to the Official Committee of Unsecured Creditors*