IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC) |

### DECLARATION OF EDWARD T. GAVIN, CTP REGARDING IN SUPPORT OF CONFIRMATION OF THE AMENDED CHAPTER 11 COMBINED PLAN AND DISCLOSURE STATEMENT OF LIQUIDATION PROPOSED BY THE DEBTORS

I, Edward T. Gavin, CTP, a Managing Director of Gavin/Solmonese LLC, make this declaration under 28 U.S.C. § 1746:

1. I am a Managing Director of Gavin/Solmonese LLC ("Gavin/Solmonese"), which has offices located at 919 N. Market Street, Suite 600, Wilmington, Delaware 19801. I am over eighteen years of age and neither I nor Gavin/Solmonese are parties to these proceedings. I am familiar with the day-to-day operations, business, and financial affairs of the Debtors. I am duly authorized to submit this declaration on behalf of Gavin/Solmonese (the "Declaration"). Except as otherwise indicated, all matters set forth herein are based upon my personal knowledge, and, if called as a witness, I could and would testify competently thereto.

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is, c/o Gavin/Solmonese 919 North Market Street, Suite 600, Wilmington, DE 19801.

1

2. I submit this Declaration in support of the *Amended Joint Combined Disclosure Statement and Chapter 11 Combined Plan and Disclosure Statement of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (as amended, modified or supplemented, the "Combined Plan and Disclosure Statement"). Capitalized terms not otherwise defined herein have the same meanings given to them in the Combined Plan and Disclosure Statement.

3. Except as otherwise indicated, my statements in this Declaration are based on my personal knowledge and experience as described above, my discussions with relevant employees, advisors, and agents of the Debtors, and my review of relevant documents, including, without limitation, any applicable books and records and/or summaries of them prepared for my review in connection with the Combined Plan and Disclosure Statement and this Declaration. I have read the Combined Plan and Disclosure Statement, and I am generally familiar with the information contained in them.

4. If called to testify, I could and would testify as stated herein.

**The Combined Plan and Disclosure Statement Properly Classifies All Claims and Interests**

5. I am informed and to the best of my knowledge believe that the Combined Plan and Disclosure Statement properly classifies all Claims and Equity Interests that require classification. The Combined Plan and Disclosure Statement reasonably provides for the classification of Claims and Equity Interests into four classes. These Classes reflect the differing characteristics of the Claims and Equity Interests between Classes, as well as the distinct legal rights of the holders of those Claims and Equity Interests in the separate Classes. The Claims and Equity Interests within each Class are substantially similar to the

2

other Claims or Equity Interests within the same Class. Thus, I understand that valid business, factual, and legal reasons exist for the separate classification of Claims and Equity Interests as set forth in the Combined Plan and Disclosure Statement.

6.      Further, the Debtors' classification of Claims and Equity Interest under the Combined Plan and Disclosure Statement is not an attempt to manufacture an impaired class that will vote in favor of the Combined Plan and Disclosure Statement and, as I understand it, does not result in unfair discrimination between or among holders of Claims or Equity Interests.

**Implementation of the Combined Plan and Disclosure Statement**

7.      The Combined Plan and Disclosure Statement provides adequate means for its implementation. The Liquidation Trustee has been selected by the Creditors' Committee and has been identified in the Combined Plan and Disclosure Statement Supplement.

**The Combined Plan and Disclosure Statement Has Been Proposed in Good Faith**

8.      The Combined Plan and Disclosure Statement was proposed by the Debtors and the Creditors' Committee in good faith and in the belief that the proposed liquidation represents the best path forward to maximize value for the estates by providing for an efficient liquidation of the Debtors' remaining assets. On the Effective Date, the Liquidating Trustee shall sign the Liquidation Trust Agreement in its capacity as Liquidation Trustee, accept all Liquidation Trust Assets on behalf of the beneficiaries thereof, and be authorized to seek the turnover, liquidate, and collect all of the Liquidating Trust Assets not in its possession.

9.      I believe that the foregoing and the support for the Combined Plan and Disclosure Statement by the Debtors' primary constituencies demonstrate the overall fairness of the Combined Plan and Disclosure Statement.

**Releases and Exoneration Provisions in the Combined Plan and Disclosure Statement**

10. In my opinion and to the best of my knowledge, based on consultation with Debtors' counsel, the releases and exculpation provisions of the Combined Plan and Disclosure Statement are warranted, necessary, reasonable, and appropriate, and are supported by sufficient consent and consideration under the circumstances of the Combined Plan and Disclosure Statement and the Bankruptcy Case as a whole.

**The Combined Plan and Disclosure Statement Is In the Best Interests of Creditors**

11. Based on consultation with Debtors' counsel, I believe that the Combined Plan and Disclosure Statement satisfies the "best interests of the creditors" test. For the reasons explained in the Combined Plan and Disclosure Statement, each holder of an impaired Claim or Equity Interest that has not accepted the Combined Plan and Disclosure Statement, or is deemed not to have accepted the Combined Plan and Disclosure Statement, will receive or retain, on account of such Claim or Equity Interest, property under the Combined Plan and Disclosure Statement having a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

12. All holders of Claims and Equity Interests in these cases will fare no worse under the Combined Plan and Disclosure Statement than they would in a chapter 7 liquidation. As set forth in the Combined Plan and Disclosure Statement, the Estates would incur significant expenses if required to convert the Chapter 11 Cases to chapter 7 cases. Specifically, the "learning curve" that the trustee and new professionals would be faced with comes with significant costs to the Estates and with a delay compared to the time of Distributions under the

Combined Disclosure Statement and Combined Plan and Disclosure Statement. For all of the foregoing reasons and the reasons stated in the Combined Plan and Disclosure Statement, I believe that the Combined Plan and Disclosure Statement is in the best interests of the Debtor's creditors

**The Combined Plan and Disclosure Statement Does Not Discriminate Unfairly**

13. Based on my understanding from consultation with the Debtors' counsel, the Combined Plan and Disclosure Statement does not discriminate unfairly with respect to the Voting Classes. With respect to the Equity Interests in Class 4, these interests are not classified separately for the purpose of unfair discrimination because Class 4 comprises all of the Equity Interests in the Debtors.

14. Based on my understanding of the voting declaration filed by Gavin/Solmonese and in consultation with Debtors' counsel, all Classes entitled to vote on the Combined Plan and Disclosure Statement have voted to accept the Combined Plan and Disclosure Statement. I also understand that Equity Interests in Class 4 are deemed to have rejected the Combined Plan and Disclosure Statement. I am informed and believe that the Combined Plan and Disclosure Statement is fair and equitable with respect to Class 4 because no holder of an interest that is junior to the Equity Interests in Class 4 is receiving or retaining any property under the Combined Plan and Disclosure Statement on account of such interest.

**The Combined Plan and Disclosure Statement Is Feasible**

15. To the best of my knowledge, based on consultation with Debtors' counsel, the Combined Plan and Disclosure Statement is feasible for the reasons set forth in the

Disclosure Statement. Based upon the Debtors' analysis, the Liquidation Trustee will have sufficient assets to accomplish its tasks under the Combined Disclosure Statement and Combined Plan and Disclosure Statement. Accordingly, I believe that the Combined Plan and Disclosure Statement is feasible.

**The Debtors Do Not Owe Retiree Benefits**

16. The Debtors do not owe any payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical or hospital care benefits, or benefits in the event of sickness, accident, disability or death under any Combined Plan and Disclosure Statement, fund or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the Debtors.

**The Principal Purpose of the Combined Plan and Disclosure Statement Is Not
The Avoidance of Taxes or Section 5 of the Securities Act**

17. I believe that the principal purpose of the Combined Plan and Disclosure Statement is to liquidate the Debtors' assets for the benefit of the Debtors' creditors and is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. I am not aware of any allegation from any party in interest, including but not limited to any governmental unit, that such avoidance was the purpose of the Combined Plan and Disclosure Statement.

**Adequate Means for Implementation of the Combined Plan and Disclosure Statement**

18. In my opinion and to the best of my knowledge, the means of implementation set forth in the Combined Plan and Disclosure Statement are adequate.

**Executory Contracts and Unexpired Leases**

19. On the Effective Date, all Executory Contracts and Unexpired Leases not assumed before the Effective Date will be deemed rejected.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: January 31, 2017

_____
Edward T. Gavin, CTP