## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., *et al.*,[1],<br><br><br>Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC) |

## DEBTORS' MOTION FOR AN ORDER APPROVING AMENDMENT TO
## THE DEBTOR-IN-POSSESSION FINANCING AGREEMENT

Citadel Watford City Disposal Partners, L.P., et al and its above captioned debtors and debtors-in-possession (the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105, 361, 363, 364, 507, and 553 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") approving the first amendment to the Debtor-in-Possession Financing Agreement (the "DIP Amendment"), attached to the Proposed Order as Exhibit 1.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

---

[1]     The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520).  The mailing address for each Debtor is, c/o Gavin/Solmonese 919 North Market Street, Suite 600, Wilmington, DE 19801.

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3.      The statutory and legal precedent for the relief sought herein are sections 105, 361, 363, 364, 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, and Local Rule 4001-2.

## BACKGROUND

4.      On June 19, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On or about July 20, 2015, the United States Trustee appointed an official committee of unsecure creditors (the "Committee") in these Chapter 11 Cases.

5.      The factual background relating to the Debtors' businesses and commencement of these Chapter 11 Cases is set forth in detail in the Declaration of Mark Christopher Dopson in Support of Chapter 11 Petitions and Related Motions (the Dopson Declaration") filed June 24, 2015 and incorporated herein by reference.

**The DIP Financing Motion**

6.      On December 18, 2015, the Debtors filed the *Debtors' Motion for Entry of an Order Pursuant to Sections 105, 361, 363, 364, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014: (I) Authorizing the Debtors to Obtain Post Petition Financing, (II) Granting Liens and Providing Superpriority Administrative Priority, and (III) Granting Related Relief* [D.I. 144] ("DIP Financing Motion").

7.      On February 2, 2016, the Office of the United States Trustee filed an objection to the DIP Financing Motion [D.I. 211] (the "United States Trustee's Objection to the DIP Financing").

8.      On February 9, 2016, the Court heard the DIP Financing Motion and the objections thereto. Pursuant to discussions during the hearing, and in response to the United States Trustee's Objection to the DIP Financing Motion, the Debtors revised the proposed form of order granting the relief requested.

9.      On February 10, 2016 this Court entered the *Final Order on Debtors' Motion for Entry of Final Order Pursuant to Sections 105, 361, 363, 364, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014: (I) Authorizing the Debtors to Obtain Post Petition Financing, (II) Granting Liens and Providing Superpriority Administrative Priority, and (III) Granting Related Relief* [D.I. 241] (the "DIP Order").

10.     Pursuant to that DIP Order the Court approved the DIP Loan Agreement (the "DIP Agreement") and approved the DIP Facility (the "DIP Facility").  Under the DIP Order, the financing will mature one-year after closing, which will occur on February 26, 2017.

## RELIEF REQUESTED

11.     By this Motion, the Debtors request the Court to enter the Proposed Order approving the Amendment to the DIP Agreement, approving the Debtors' entry in the Amendment and authorizing the Debtors to deliver all instruments and perform all acts in connection therewith.

## LOCAL RULE 4001-2(a)(i) DISCLOSURES

12.     Local Rule 4001-2(a)(i) requires the disclosure of certain provisions that are contained in post-petition financing motions and proposed orders or in the loan documents

underlying those pleadings. The Debtors have previously highlighted such provisions in the DIP Motion; to the extent necessary, the Debtors incorporate that summary, as may be modified by the terms of this Motion.

**BASIS FOR RELIEF**

13.     As set forth in the DIP Motion, the Bankruptcy Code authorizes a debtor to incur post-petition debt. The Debtors respectfully submit that, for the reasons contained in the DIP Motion and herein, they have more than satisfied the standards applicable for the Court's approval of the DIP Amendment and entry of the Proposed Order.

**A.     The Debtors Satisfy the Requirements for Entering Into the DIP Agreement Under Section 364(c) of the Bankruptcy Code**

14.     The terms and conditions of the DIP Amendment provide security interests and other liens pursuant to sections 364(c) and (d) of the Bankruptcy Code. The statutory requirement for obtaining post-petition credit under 364(c) is a finding, made after notice and a hearing, that the debtors are "unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code. 11 U.S.C. § 364(c).

15.     Furthermore, section 364(c) financing is appropriate when the debtor-in-possession is unable to obtain unsecured credit allowable as an ordinary administrative claim. *See In re Crouse Grp., Inc.,* 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987) (debtor seeking unsecured credit under section 364(c) of the Bankruptcy Code must prove that it was unable to obtain unsecured credit pursuant to 364(b) of the Bankruptcy Code; *In re YL West 87th Holdings I LLC*, 423 B.R. 421, 441 (Bankr. S.D.N.Y. 2010 ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing."); *In re Ames Dep't Stores, Inc*., 115 B.R. 34, 37-39 (Bankr. S.D.N.Y. 1990) (holding that debtor must show it made reasonable effort to seek other sources of financing under section 364(a) and (b) of the Bankruptcy Code.

4

16.    Courts have articulated a three-part test to determine whether a debtor is entitled to financing under section 364(c). Under this test, courts look to whether:

    a.    The debtor is unable to obtain unsecured credit under section 364(b), *i.e.*, by allowing a lender only an administrative claim;

    b.    The credit transaction is necessary to preserve the assets of the estate; and

    c.    The terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrow and the proposed lender.

*See Crouse Grp., Inc.,* 71 B.R. at 549; *Ames Dep't Stores*, 115 B.R. at 37-39.

17.    Subject to the terms hereof, the DIP Amendment will ensure that the Debtors have access to the necessary funding to pay outstanding judgments, Court fees, as outlined in the DIP Amendment.

**B.    No Adequate Alternative to the DIP Amendment Is currently Available**

18.    In order to obtain a post-petition financing facility, a debtor need only demonstrate "by good faith effort that credit was not available without" the protections afforded to potential lenders by sections 364(c) and (d) of the Bankruptcy Code. *See YL West 87th Holdings I LLC*, 423 B.R. at 441 ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing."); *In re Gen Props., Inc.*, 412 B.R. 122, 125 (Bankr. S.D.N.Y. 2009) (stating that debtor has an obligation to make "reasonable efforts, under the circumstances . . . to obtain [unsecured financing], in the ordinary course of business or otherwise"); *In re Harborwalk, LP*, No. 10-80043-G3-11 (LZP) (Bankr. S.D. Tex. Jan. 29, 2010) ("Section 364(d)(1) does not require that a debtor seek credit from every possible source, but a debtor must show that it made a reasonable effort to obtain post-petition financing from other potential lenders on less onerous terms and that such financing was unavailable.")

19.    The Court has already determined that no acceptable financing on more favorable terms from sources other than the DIP Facility are available to the Debtors. In light of the Debtors' current capital structure and already negotiated DIP Facility, the Debtors' only prudent path here was to seek additional funding from the DIP Lender on the terms described herein and on the DIP Amendment.

20.    As a result, the Debtors have shown, in satisfaction of the requirements of sections 364(c) and (d) of the Bankruptcy Code, that alternative credit on terms more favorable than those set forth in the DIP Amendment was unavailable to them.

**C.    Entry into the DIP Amendment is Supported By The Debtors' Sound Business Judgment and the Terms Thereof are Fair, Reasonable and Appropriate Under the <u>Circumstances of the Cases</u>**

21.    The Debtors, after consultation with the professional advisors, have determined, in their business judgment, that their entry into the DIP Amendment is necessary, prudent, and in the best interest of the Debtors, their estates and creditors and other interested parties.

22.    The terms of the DIP Amendment were negotiated at arm's-length and in good faith, and the Debtors, after consultations with their professional advisors, have determined that it is desirable and in the best interest of the Debtors, their estates and creditors and other interested parties to enter into the DIP Amendment on the terms described herein and in the DIP Amendment.

23.    "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp),* 60 B.R. 612, 616 (Bankr. S.D.N.Y 1986). There is a presumption that "in making a business decision the director of a corporation acted on

6

an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *Official Comm. of Subordinated Bondholders v. Integrated Res. Inc. (In re Integrated Res. Inc.)*, 147 B.R. 650, 656 (S.D.N.Y 1992 (quoting *Smith v. Van Gorkom* 488 A.2d 858, 872 (Del. 1985)). Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code. Indeed, when applying the business judgment standard, courts show great deference to a debtor's business decisions. *See Pitt v. First Wellington Canyon Assocs. (In re First Wellington Canyon Assocs.)*, 1989 WL 106838, at *3 (N.D. Ill. Sept. 8, 1989) ("Under this test, the debtor's business judgment . . . must be accorded deference unless shown that the bankruptcy's decision was taken in bad faith or in gross abuse of the bankrupt's retained discretion.").

24.     Absent their entry into the DIP Amendment, the Debtors will be unable to successfully administer the estates and exit from these chapter 11 proceedings.  Thus, the Debtors believe that their entry into the DIP Amendment is an appropriate exercise of their business judgment, and therefore the relief requested herein should be approved.

25.     Whether the terms of a debtor's proposed post-petition financing arrangement are fair and reasonable is determined by the relative circumstances of the debtor and potential lender. *See In re Farmland Indus., Inc.* 294 B.R. 855, 885-89 (Bankr. W.D. Mo. 2003) (holding that the terms of proposed post-petition financing were fair and reasonable when viewed in the context of the relative circumstances of the parties); *Unsecured Creditors' Comm. Mobil Oil v. First Nat'l Bank & Trust Co. of Escanaba (In re Ellingsen MacLean Oil Co., Inc.)*, 65 B.R. 358, 364-65 n.7 (W.D. Mich. 1986).

26.     The Court has previously determined that the terms of the DIP Facility are fair and reasonable, and supported by reasonable equivalent value and fair consideration. The

Debtors submit that the proposed terms of the DIP Amendment are likewise fair, reasonable, and appropriate under the circumstances of the Chapter 11 Cases.  Simply put, the DIP Amendment and the maturity extension provided for under the DIP Facility as a result thereof will allow the Debtors to  proceed with the consummation of their proposed chapter 11 plan.

27.    Thus, the Debtors submit that the terms of the DIP Amendment are fair, reasonable, and appropriate, and the DIP Lenders should be accorded the benefits of section 364(e) of the Bankruptcy Code in respect of the DIP Facility as modified by the DIP Amendment.

## NOTICE

28.    The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) Counsel to the DIP Lender; (iii) counsel to the Committee; and (iv) all parties that, as of the filing of this Motion have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 8, 2017            GELLERT SCALI BUSENKELL & BROWN, LLC

                                   */s/ Michael Busenekll*
                                   Michael Busenkell (DE 3933)
                                   1201 N. Orange St., 3rd Floor
                                   Wilmington, DE 19801
                                   Telephone:  (302) 425-5800
                                   Facsimile:   (302) 425-5814
                                   Email: mbusenkell@gsbblaw.com

                                   *Counsel for the Debtors and Debtors-in-Possession*