# **<u>EXHIBIT A</u>**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC) |

### ORDER APPROVING DEBTORS' MOTION FOR AN ORDER APPROVING AMENDMENT TO THE DEBTOR-IN-POSSESSION FINANCING AGREEMENT

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order, pursuant to sections 105, 361, 363, 364, 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, and Local Rule 4001-2 approving the Amendment to the DIP Agreement attached hereto as Exhibit 1 (the "DIP Amendment"); and the Court having considered Motion and the record in these Chapter 11 Cases; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and the Court having determined that the Debtors' entry into the DIP Amendment is an appropriate exercise of the Debtors' sound

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is, c/o Gavin/Solmonese 919 North Market Street, Suite 600, Wilmington, DE 19801.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion

business judgment; and their DIP Secured Parties having agreed to the terms of the DIP Amendment and the entry of this Order, and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested is in the best interest of the Debtors, their estates, and their creditors;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Sections 105, 361, 363, 364, 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, and Local Rule 4001-2, the DIP Amendment and the Debtors' entry into the DIP Amendment is hereby approved, and the Debtors are authorized to perform all acts, and to make execute and deliver all instruments and documents in connection therewith that may be reasonably required or necessary for the performance of their obligations under the DIP Amendment.

3. This Court shall retain jurisdiction to hear and determine any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: February _____, 2017

The Honorable Kevin Carey
United States Bankruptcy Judge

# **EXHIBIT 1**

# FIRST AMENDMENT TO POST PETITION LOAN AND SECURITY AGREEMENT

This **POST-PETITION LOAN AND SECURITY AGREEMENT** ("Amendment") dated as of February __, 2017, is between **CITADEL WATFORD CITY DISPOSAL PARTNERS, LP**, a limited partnership formed under the laws of the State of Delaware, **PEMBROKE FIELDS, LLC**, a limited liability company formed under the laws of the State of North Dakota, **CITADEL ENERGY SERVICES, LLC,** a limited liability company formed under the laws of the State of Wyoming, and **CITADEL ENERGY SWD HOLDINGS, LLC**, a limited liability company organized under the laws of the State of North Dakota (each, a "Borrower" and collectively, "Borrowers", which term shall refer to any Borrower or all of Borrowers), and **E-SOURCE ENERGY SWD, LLC**, a limited liability company formed under the laws of the State of Delaware (the "Lender").

## W I T N E S S E T H:

WHEREAS, Lender and Borrowers are parties to that certain Post Petition Loan and Security Agreement (the "Agreement") dated February 26, 2016; and

WHEREAS, the Agreement, the Loan, and the transactions set forth therein were approved by that certain final order entered by the Bankruptcy Court on February 10, 2016 (the "DIP Order"); and

WHEREAS, due to the Termination Date under the Agreement that is scheduled to occur on February 26, 2017 and for other reasons, Lender and Borrowers have entered into this Amendment.

NOW, THEREFORE, in consideration of the premises hereto and the covenants set forth herein, and other valuable consideration, the receipt of which is hereby acknowledged, Lender and Borrowers hereby agree as follows:

## ARTICLE 1

### REAFFIRMATION OF OBLIGATIONS AND DEFINED TERMS

Section 1.01  Reaffirmation of Obligations:  The Borrowers and Lender acknowledge that they are and remain bound by the Loan Documents and the DIP Order to the fullest extent permitted by law and that the Obligations are due and owing by the Borrowers to Lender in accordance with the terms of the DIP Order and the Loan Documents without defense, reduction, offset, counterclaim or right of recoupment, subject only to the terms of this Amendment on and after the Amendment Effective Date.

Section 1.02   Definitions:  All capitalized terms not defined in this Amendment shall have the meaning ascribed to such terms in the Agreement and the DIP Order.

## ARTICLE 2

## THE AMENDMENT

Section 2.01   Amendment of the Agreement.  The Agreement is amended as follows:

a. The definition of "Termination Date" in the Agreement shall be replaced in its entirety by the following definition:  "'Termination Date' means the earliest of (i) February 26, 2019, or (ii) one hundred twenty days after the date on which all litigation actions filed by the Liquidating Trust on or before the Effective Date (the "Trust Litigation Matters") have been either resolved through settlement or the entry of a final judgment by the Bankruptcy Court and the Obligations have not been paid in full; or (iii) the date of any Event of Default."

b. The definition of "Carve Out" in the Agreement shall be replaced in its entirety by the following definition:  "'Carve Out' means (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a); (ii) Allowed Professional Claims of professionals retained by Borrowers and the Official Committee of Unsecured Creditors, (iii) reasonable fees, costs and expenses of the Liquidating Trust and (iv) from the net proceeds of Borrowers' Causes of Action, the first $100,000, allocated to Borrowers' general unsecured creditors, which Carve Out shall be paid in accordance with the Carve Out Waterfall.

c. The following definition shall be added to the Agreement:  "'Carve-Out Waterfall' means the distribution of the Carve Out by the Borrowers or the Liquidating Trust as follows: The first $600,000 in proceeds of the Collateral shall be allocated to the Carve Out and paid in accordance with the Plan. The next $100,000 in proceeds of the Collateral shall be paid to the Lender and applied to the Obligations.  The next $300,000 in proceeds of the Collateral shall be allocated to the Carve Out and paid in accordance with the Plan.  The remaining proceeds of the Collateral shall be allocated on a *pro rata* basis between the Carve Out and the Obligations until the Carve Out and the Obligations have paid in full."

d. The following definition shall be added to the Agreement: "'Liquidating Trust' has the same meaning as has been ascribed to such term in the Plan.

e. The following definition shall be added to the Agreement: "'Plan' means the Joint Chapter 11 Plan of Liquidation of the Borrowers and the Official Committee of Unsecured Creditors filed in the Bankruptcy Court, as supplemented and amended."

## ARTICLE 3

## COOPERATION AND RELEASES

Section 3.01. <u>Assistance with Causes of Action</u>. Lender, through its affiliates, shall reasonably cooperate with requests for information by the Liquidating Trust relating to Causes of Action filed by the Liquidating Trust against insiders, directors and officers of the Borrowers and understands that Lender and its affiliates may be compelled to provide testimony related to such Causes of Action, but shall not be required to personally appear in Delaware.

Section 3.02. <u>Release</u>. In consideration of this Amendment and the covenants set forth herein, the Borrowers, together with their officers, directors, employees, agents and any other person acting by or on behalf of any of them, do hereby remise, release and forever discharge, Lender, Russell J. Miller, Greg Krueger, KNR Roustabout, Inc., R. James Consulting, Inc., KNR Well Services, LLC and Leland Properties, of from and against any and all actions, causes of action, suits, claims, demands, damages, costs, expenses, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, promises, controversies, whatsoever, in law or equity, whether known or unknown, suspected or unsuspected, arising out of or related in any way to the Borrowers or the Borrowers' Chapter 11 Bankruptcy cases, except as to Lender's performance of the Loan Documents.

Section 3.03. <u>California Litigation</u>. The Borrowers acknowledge that any actions undertaken by the plaintiffs in the action titled *Leland Properties, LLC, et al v. Citadel Energy Services, LLC*, in the Superior Court of California for Los Angeles County, to collect judgments against non-Borrowers on account of direct, non-derivative claims shall not constitute a violation of the automatic stay or the Plan injunction.

## ARTICLE 4

## CONDITIONS PRECEDENT TO AMENDMENT EFFECTIVENESS

Section 4.01. <u>Conditions Precedent to Effectiveness</u>. This Amendment shall become effective upon the first business day after satisfaction of the following conditions (the "<u>Amendment Effective Date</u>"):

a. <u>Final Order</u>. Entry of a Final Order approving the Amendment and such Final Order shall be in full force and effect and shall not have been revised, modified, amended or stayed.

b. <u>Execution of Amendment</u>. This Amendment shall have been executed by all parties.

c. <u>Plan Confirmation Order</u>. Entry of a Final Order confirming the Plan in a form acceptable to Lender in Lender's sole discretion, and the occurrence of the effective date of the Plan.

d. <u>Amendment Fee</u>. Payment to Lender of a non-refundable fee in the amount of $10,000 that shall be fully earned on the Amendment Effective Date.

Section 4.02.  <u>Sunset Date</u>.  In the event the Amendment Effective Date does not occur on or before March 30, 2017, Lender, at its option, may declare the Amendment null, void and of no further force or effect whatsoever.

IN WITNESS WHEREOF, this Post-Petition Loan and Security Agreement has been duly executed and delivered by or on behalf of each of the parties as of the day and in the year first above written.

**BORROWERS:**

**PEMBROKE FIELDS, LLC**

By: _____
Name:  Edward T. Gavin, CTP
Title:    Chief Restructuring Officer

**CITADEL ENERGY SWD HOLDINGS, LLC**

By: _____
Name:  Edward T. Gavin, CTP
Title:    Chief Restructuring Officer

**CITADEL ENERGY SERVICES, LLC**

By: _____
Name:  Edward T. Gavin, CTP
Title:    Chief Restructuring Officer

**CITADEL WATFORD CITY DISPOSAL PARTNERS, LP**

By: _____
Name: Edward T. Gavin, CTP
Title:   Chief Restructuring Officer

**LENDER:**

**E-SOURCE ENERGY SWD, LLC**

By:_____
Name:

Title:

Title:

PHIL1 5969108v.1