**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Citadel Watford City Disposal Partners, L.P., *et al.*,[1] | ) Case No. 15-11323 (KJC) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | )     Re: D.I. 443, 473, 475, 488, 490, 495 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER 11 U.S.C. §
1129 (b) AND FED. R. BANKR. P. 3020 (I) CONFIRMING DEBTORS' JOINT
PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY
CODE, (II) APPROVING DISCLOSURE STATEMENT,
AND (III) APPROVING SOLICITATION PROCEDURES**

WHEREAS, on June 19, 2015 (the "<u>Petition Date</u>") the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and

WHEREAS, since the Petition Date, the Debtors have continued in the possession of their property and in control of their operations pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

WHEREAS, on July 20, 2015, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "<u>Committee</u>"); and

WHEREAS, on February 10, 2016, the Court entered a final order (the "<u>DIP Order</u>") approving Debtor-In-Possession financing (the "<u>DIP Financing</u>") set forth in that certain Post-Petition Loan and Security Agreement (the "<u>DIP Agreement</u>") by and between the Debtors and E-

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is, c/o Gavin/Solmonese LLC, 919 N. Market St., Ste. 600, Wilmington, DE 19801.

Source Energy SWD, LLC ("E-Source") (Docket No. 241), under which E-Source was granted a first lien on substantially all of the Debtors' assets and a super-priority claim for the full amount of the DIP obligations. The DIP Order includes a carve out for certain professional fees, fees and costs of the United States Trustee and the Clerk of the Court, and for the Debtors' unsecured creditors. Under the DIP Order, the financing will mature one-year after closing, which will occur on February 26, 2017 (the "DIP Maturity"); and

WHEREAS, on December 16, 2016, the Debtors and the Committee, as plan proponents, filed the Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee Of Unsecured Creditors (the "Plan") [D.I. 473], attached hereto as **Exhibit A**, as modified and amended from time to time, and

WHEREAS, on November 11, 2016, the Debtors filed a motion (the "Scheduling Motion") [D.I. 443], for entry of an order under 11 U.S.C. §§ 105, and 1128 and Rules 2002, 3017, and 3020 of the Federal Rules of Bankruptcy Procedure (a) scheduling a combined hearing (the "Confirmation Hearing") to consider approval of the Disclosure Statement and Solicitation Procedures (as hereafter defined) and confirmation of the Plan, (b) approving an objection deadline and objection procedures with respect thereto, (c) approving the form, manner, and sufficiency of notice of the Confirmation Hearing;

WHEREAS, at the hearing held on the Scheduling Motion, the Court granted the Scheduling Motion and on December 16, 2016, entered an order (the "Combined Hearing Order") [D.I. 475], that, among other things, (a) scheduled a combined hearing for February 7, 2017 in connection with approval of the solicitation procedures described in the Scheduling Motion (the "Solicitation Procedures"), approval of the Disclosure Statement, and confirmation of the Plan, (b) established January 31, 2017 as the deadline for filing objections

to approval of the Solicitation Procedures or Disclosure Statement, or confirmation of the Plan (the "Objection Deadline") and (c) approved the form, manner and sufficiency of the notice of such combined hearing; and

WHEREAS, on December 16, 2016, pursuant to the notice provisions of the Combined Hearing Order, the Debtors served  the Notice of Combined Hearing, the Disclosure Statement, the Plan, the appropriate notices to each class of creditors, and Scheduling Order; and a ballot form to class 3 creditors under the Plan; and

WHEREAS, on December 27, 2016, the Debtors filed an affidavit of service evidencing service of the Notice of Combined Hearing, the Disclosure Statement, the Plan, the appropriate notices to each class of creditors, and Scheduling Order; and a ballot form to class 3 creditors under the Plan (the "Affidavit of Service") [D.I. 477]; and

WHEREAS, on January 31, 2017, the Debtors filed the Memorandum of Law in Support of (I) Approval of the Solicitation Procedures and Disclosure Statement and (II) Confirmation of the Debtors' Joint Plan of Reorganization (the "Confirmation Brief") [D.I. 490];

WHEREAS, on January 31, 2017, the Debtors filed the Declaration of Edward T. Gavin, CTP in Support of Confirmation of the Debtors' Joint Plan of Reorganization (the "Gavin Declaration") [D.I. 488];

WHEREAS, other than the objection of E-Source Energy SWD, LLC (the "eSource Objection") [D.I. 495],  no formal objections to confirmation of the Plan were received; and

WHEREAS, the Confirmation Hearing was held on February 7, 2017.

NOW, THEREFORE, based upon the Court's review of the Disclosure Statement, the Plan, the Solicitation Packages; the Affidavit of Service, the Gavin Declaration, the Confirmation Memorandum; and upon the exhibits which were admitted into evidence, the testimony of all

witnesses and other evidence propounded at the Confirmation Hearing; and upon the arguments

of counsel and the full record in the Chapter 11 Case; and after due deliberation and good and

sufficient cause appearing therefore; it is hereby found and determined that:

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

**A.    Jurisdiction and Venue.**  Venue in the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court") is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Confirmation of the Plan, approval of the Disclosure Statement, and approval of the Solicitation

Procedures are core proceedings under 28 U.S.C. § 157(b)(2).  The Bankruptcy Court has subject

matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and exclusive jurisdiction to

determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and

should be confirmed.

**B.    Eligibility for Relief.**  The Debtors are each an Entity eligible for relief under

section 109 of the Bankruptcy Code.

**C.    Judicial Notice.**  The  Court takes judicial notice of  the docket of the Chapter 11

Cases and all related adversary proceedings and appeals, if any, maintained by the Clerk of the

Court or its duly appointed agent, including all pleadings and other documents on file, all orders

entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at

the hearings held before the applicable court during the pendency of the Chapter 11 Cases.

**D.    Burden of Proof.**  The Debtors and the Committee, as proponents of the Plan, have

met their burden of proving the elements of section 1129 of the Bankruptcy Code by a

---

[2] The findings of fact and conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to the Chapter 11 Case by Bankruptcy Rules 7052 and 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

preponderance of the evidence.

      **E.**    **Adequacy of Disclosure Statement**. The Disclosure Statement contains "adequate information" as such term is defined in Section 1125 of the Bankruptcy Code.

      **F.**    **Adequacy of Solicitation**.   The vote required for acceptance or rejection of the Plan was solicited in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and all other applicable provisions of the Bankruptcy Code, and no other non-bankruptcy law applies to the Solicitation.  All other procedures used to distribute the Solicitation Packages to the appropriate holders of Claims and interests not entitled to vote on the Plan were fair and were conducted in compliance with the Combined Hearing Order, as well as the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules and laws.

      **G.**    **Service of Materials**.   The Disclosure Statement, the Plan, the Solicitation Packages and the notices of the Combined Hearing were served in compliance with the Combined Hearing Order.  As evidenced by the Declaration of Ashley Gollmann and certain Affidavits of Service [Docket No. 477], due, adequate, and sufficient notice of the Disclosure Statement, Plan, the Solicitation Packages,   and Confirmation Hearing, together with notice of the Objection Deadline  has been given to: (a) all known holders of Claims and Equity Interests; (b) all parties that requested notice in accordance with Bankruptcy Rule 2002; (c) all counterparties to unexpired leases and executory contracts with the Debtor; and (d) all taxing authorities listed on the Debtors' Schedules or claims register, in compliance with the Combined Hearing Order and Bankruptcy Rules 2002(b), 3017, and 3020(b), and no other or further notice is or shall be required.

      **H.**    **Voting Certification.**  The Claims of creditor in Class 3 ( the "Impaired Accepting Class") under the Plan is impaired under the Plan and entitled to vote to accept or reject the Plan.

Prior to the Confirmation Hearing, the Debtors filed a copy of the Certification of Gavin/Solmonese LLC Regarding Tabulation of Votes in Connection with the Amended Chapter 11 Plan of Liquidation by the Debtors [Docket No. 489] (the "Voting Certification"). The Voting Certification reflects that the Impaired Accepting Class voted to accept the Plan.

I.       In addition, the Claims of creditors in Classes 1 and 2 are unimpaired and deemed to accept the Plan and, therefore, were not entitled to vote to accept or reject the Plan. The Equity Interests of members in Class 4, are impaired, are receiving no distribution under the Plan, and were therefore deemed to reject the Plan. Notwithstanding that Class 4 is deemed to have rejected the Plan and are not entitled to vote, the Plan can still be confirmed under section 1129(b) of the Bankruptcy Code.

J.      **Compliance with Bankruptcy Rule 3016**. The plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

K.      **Compliance with Bankruptcy Rule 3017**. The Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d). The Solicitation Packages were transmitted to the holders of Class 3 Claims pursuant to Bankruptcy Rule 3017(e).

L.      **Compliance with Bankruptcy Rule 3018**. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors and interest holders entitled to vote on the Plan, sufficient time was prescribed for such creditors and interest holders to accept or reject the Plan, and the Solicitation Packages and Solicitation Procedures comply with section 1126 of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Rule 3018.

M.      **Compliance with Bankruptcy Rule 3019**. In accordance with section 1127 of the

Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims in the Impaired Accepting Class who voted to accept the Plan, and the holders of Claims who are conclusively presumed to have accepted the Plan, are deemed to have accepted the Plan, as modified by the Plan modifications. No holder of a Claim shall be permitted to change its vote as a consequence of the Plan modifications, unless otherwise agreed to by the holder of the Claim and the Debtors. The modifications to the Plan are hereby approved, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. The Plan, as modified, shall constitute the Plan submitted for Confirmation.

N.     **Compliance with Sections 1122(a) and 1123(a)—Proper Classification**. The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code. In accordance with sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article II of the Plan provides for the separate classification of Claims and Equity Interests into four Classes, based on differences in the legal nature or priority of such Claims and Equity Interests (other than Administrative Claims, Professional Fee Claims, and U.S. Trustee Fees which are addressed in Article III of the Plan, and which are not required to be designated as separate Classes pursuant to section 1123(a)(1) of the Bankruptcy Code). Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Equity Interests created under the Plan, the classifications were not made for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Equity Interests.

O.     As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class. Accordingly, the requirements of sections 1122(a) and 1123(a)(1) of the Bankruptcy Code have been satisfied.

7

**P.**      Article IV of the Plan specifies that Claims in Classes 1 and 2 are Unimpaired under the Plan. As a result thereof, the requirements of section 1123(a)(2) of the Bankruptcy Code have been satisfied.

**Q.**      Article IV of the Plan specifies the treatment of each Impaired Class under the Plan, including Classes 3 and 4. As a result thereof, the requirements of section 1123(a)(3) of the Bankruptcy Code have been satisfied.

**R.**      Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article IV of the Plan provides for the same treatment of each Claim or Equity Interest in a particular Class, as the case may be, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment with respect to such Claim or Interest. As a result thereof, the requirements of section 1123(a)(4) of the Bankruptcy Code have been satisfied.

**S.**      **Compliance with the Requirements of Section 1129 of the Bankruptcy Code.** The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows:

        a.      **Compliance with Bankruptcy Code Section 1129(a)(1).** The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123 of the Bankruptcy Code.

        b.      **Compliance with Bankruptcy Code Section 1129(a)(2).** The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

        c.      **Compliance with Bankruptcy Code Section 1129(a)(3).** The Plan has been proposed in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances

8

surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Debtors' good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases. The Plan is the product of arms-length negotiations between and among the Debtors, the Committee, and the Debtors' negotiations with other parties-in-interest. The Plan itself, and the process leading to its formulation, provide independent evidence of the Debtors' good faith, serve the public interest, and assure fair treatment of holders of Claims. Consistent with the overriding purpose of chapter 11, the Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate purpose, among other things, (i) of allowing the Debtors to satisfy its obligations in accordance with the Plan with sufficient liquidity and capital resources to provide for the distributions and value to be distributed pursuant to the Plan, (ii) to preserve and maximize the Debtors' business enterprise values through a rapid, efficient reorganization under Chapter 11, preserving jobs of the Debtors' employees in connection with Debtors' continuing operations, and (iii) to provide for the orderly liquidation and dissolution of the Debtors.

    d.  **Compliance with Bankruptcy Code Section 1129(a)(4).** All payments made or to be made by the Debtors or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the chapter 11 cases, or in connection with the Plan and incident to the chapter 11 cases, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

    e.  **Compliance with Bankruptcy Code Section 1129(a)(5).** The Debtors have complied with section 1129 (a)(5) of the Bankruptcy Code. In the present case, the

Debtors will be liquidating and there will be no successor entity as that term is applied in Section 1129(a)(5).

    f. **Compliance with Bankruptcy Code Section 1129(a)(6)**. The Plan does not provide for any rate change that requires regulatory approval. Section 1129 (a)(6) of the Bankruptcy Code is thus not applicable.

    g. **Compliance with Bankruptcy Code Section 1129(a)(7)**. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code and is in the best interests of creditors. The evidence proffered or adduced at the Confirmation Hearing (a) are persuasive and credible, (b) have not been controverted by objection or by other evidence, and (c) establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

    h. **Compliance with Bankruptcy Code Section 1129(a)(8)**. Classes 1 and 2 are unimpaired and conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code. Class 3 is impaired and has voted to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code. Class 4 is not entitled to receive or retain any property under the Plan on account of their Claims and, therefore, are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Although Section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 4, the Plan is confirmable because the Plan satisfies Section 1129(b) with respect to these Classes of Claims and Interests.

    i. **Compliance with Bankruptcy Code Section 1129(a)(9)**. The treatment of Administrative Expense Claims, Priority Tax Claims, and Priority Claims pursuant to

Article VI of the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code. Each holder of an Allowed Claim in Class 2 shall receive payment, in full, in Cash, without interest, and in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, as Cash in an aggregate amount of such Allowed Priority Tax Claim payable in regular quarterly installments over a period of not more than five (5) years from the Petition Date, or (ii) such other treatment agreed to by the Debtors and the Holder of such Allowed Priority Tax Claim

        j.      **Compliance with Bankruptcy Code Section 1129(a)(10)**. Section 1129(a)(10) of the Bankruptcy Code requires that at least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. Class 3 is an Impaired Class of Claims that voted to accept the Plan and, to the Debtors' knowledge, does not contain insiders whose votes have been counted. Therefore, Section 1129(a)(10) has been satisfied.

        k.      **Compliance with Bankruptcy Code Section 1129(a)(11)**. The projections set forth in the Disclosure Statement and other evidence proffered or adduced by the Debtors at the Confirmation Hearing or in support of confirmation of the Plan with respect to feasibility (a) are persuasive and credible, (b) have not been controverted by other evidence or challenged in any objection, and (c) establish that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successors to the Debtors, thus satisfying the requirements of Section 1129 (a)(11) of the Bankruptcy Code.

        l.      **Compliance with Bankruptcy Code Section 1129(a)(12)**. All fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid on the Effective Date, thus

satisfying Section 1129 (a)(12) of the Bankruptcy Code.

        m.    **Compliance with Bankruptcy Code Section 1129(a)(13)**.  The Debtors have no obligation to pay "retiree benefits" within the meaning of Section 1114 of the Bankruptcy Code on or prior to the Petition Dates.  Accordingly, Section 1129 (a)(13) of the Bankruptcy Code is not applicable.

        n.    **Compliance with Sections 1129(a)(14), (15) & (16)—Domestic Support Obligations, Individuals, and Nonprofit Corporations**.  The Debtors do not owe any domestic support obligations, are not individuals, and are not non-profit corporations.  Therefore, sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Chapter 11 Case.

        **T.**    **Compliance with Section 1129(b)(1)**.  Pursuant to section 1129(b)(1) of the Bankruptcy Code, a chapter 11 plan may be confirmed over the rejection of an impaired class, subject to certain conditions.  Holders of Equity Interests in Class 4 are to receive no distribution on account of their Equity Interests under the Plan and are deemed to have rejected the Plan; accordingly, the requirements of section 1129(b) of the Bankruptcy Code must be satisfied.

        **U.**    **No Unfair Discrimination**.  The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.  The Claims in Class 3 and the Equity Interests in Class 4 are all junior to each of the other Classes, and thus are not similarly situated, being neither secured nor of priority status, to the Claims in Classes 1 or 2.  Accordingly, there is no unfair discrimination between similar classes of claims, and the requirement of section 1129(b)(1) of the Bankruptcy Code that the Plan not discriminate unfairly is satisfied.

V.    **Fair and Equitable Treatment**.  The fair and equitable requirement of section 1129(b) of the Bankruptcy Code is satisfied as described below, to the extent such Class has not accepted the Plan.  To the extent that such Class has accepted the Plan, the requirements of Section 1129(a)(8) have been satisfied and therefore section 1129(b) of the Bankruptcy Code is not applicable.

W.    Section 1129(b)(1) requires that a Plan be fair and equitable with respect to each Class in accordance with section 1129(b)(2).

X.    **Secured Claims**.  In accordance with section 1129(b)(2)(A), the Plan is fair and equitable with respect to each Class of Secured Claims, Class 1, in that the Plan provides satisfactory treatment with regard to Class 1 as further set forth below.

Y.    **Priority Tax Claims**.  Each holder of an Allowed Claim in Class 2 shall receive payment, in full, in Cash, without interest,  and in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, as Cash in an aggregate amount of such Allowed Priority Tax Claim payable in regular quarterly installments over a period of not more than five (5) years from the Petition Date,.

Z.    As such, the Plan is fair and equitable with respect to Classes 1 and 2 and the fair and equitable requirement of section 1129(b) of the Bankruptcy Code is satisfied with respect to such Classes.

AA.    **Equity Interests.**  In accordance with section 1129(b)(2)(B), the Plan is fair and equitable with respect to Class 4, in that no Claim or Equity Interest that is junior to Claims in Class 4 will receive or retain any property on account of such junior Claim or Equity Interest.  As such, the Plan is fair and equitable with respect to Class 4 and the fair and equitable requirement of section 1129(b) of the Bankruptcy Code is satisfied with respect to such Class.

BB.    **Compliance with Section 1129(c)—Only One Plan.**  Other than the Plan (as

amended), no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

**CC.    Compliance with Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes**. No agency of the government has requested that the Court deny Confirmation of the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act. As evidenced by its terms, and the prior proceedings in the Chapter 11 Cases, the principal purpose of the Plan is manifestly not such avoidance. Accordingly, the requirements of section 1129(d) of the Bankruptcy Code are satisfied.

**DD.    Compliance with Section 1123(a)(5)—Implementation of the Plan**. The Plan provides for adequate means for its implementation including, among other things, the creation of the Liquidating Trust.

**EE.    Compliance with Section 1123(a)(6)—Voting Power of Equity Securities**. The Plan does not provide for the issuance of non-voting securities, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

**FF.    Compliance with Section 1123(a)(7)—Selection of Officers and Directors**. The Plan provides that Edward T. Gavin, CTP, has been selected as the Liquidating Trustee to administer the Liquidating Trust. Thus, the requirements of section 1123(a)(7) of the Bankruptcy Code are satisfied.

**GG.    Compliance with Section 1123(b)—Discretionary Contents of Plan**. The Plan contains various provisions that may be construed as discretionary, but are not required for Confirmation under the Bankruptcy Code. As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent in any way with the

applicable provisions of the Bankruptcy Code. Thus section 1123(b) of the Bankruptcy Code is satisfied.

  **HH.** **Compliance with Section 1123(b)(1)—Claims**. Pursuant to Section 1123(b)(1) of the Bankruptcy Code, Article VII of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Equity Interests.

  **II.** **Compliance with Section 1123(b)(2)—Executory Contracts and Unexpired Leases**. Pursuant to section 1123(b)(2) of the Bankruptcy Code, Article XIII of the Plan provides for the assumption, assumption and assignment, or rejection of the executory contracts and unexpired leases of the Debtors not previously assumed, assumed and assigned or rejected pursuant to section 365 of the Bankruptcy Code and applicable authorizing orders of the Bankruptcy Court.

  **JJ.** As set forth in, and in accordance with, Article VIII of the Plan, subject to the limitations set forth in the Plan, each Executory Contract and Unexpired Lease shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory Contract or Unexpired Lease had been previously assumed by the Debtor by Final Order or has been assumed by the Debtor by order of the Bankruptcy Court as of the Effective Date.

  **KK.** **Debtors' Compliance with Section 1123(b)(3)— Releases by the Debtors**. The releases of Claims and Causes of Action by the Debtors described in Article XII of the Plan pursuant to section 1123(b)(3)(A) of the Bankruptcy Code represent a valid exercise of the Debtors' business judgment. Pursuing any such Claims or Causes of Action against each Released Party is not in the best interest of the Debtors' Estates as the costs involved likely would outweigh any potential benefit from pursuing such Claims or Causes of Action.

**LL.    Satisfaction of Claims and Termination of Interests**.  Except as otherwise specifically provided in the Plan, the distributions, rights and treatments set forth in the Plan shall be in full and complete satisfaction and release of all Claims and Equity Interests.

**MM.**    Each of the voluntary release provisions set forth in the Plan: (a) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to 1123(a)(6) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is in the best interests of, the Debtors, their Estates, and their creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims and Equity Interests among or against the parties-in-interest in the Chapter 11 Cases with respect to the Debtors; and (f) is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.  The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the release provisions contained in article XII of the Plan, respectively.

**NN.**    Upon, and subject to the occurrence of, the satisfaction of each of the conditions precedent to the occurrence of Effective Date of the Plan, as set forth in Article XIV of the Plan (or the waiver of such conditions in accordance with the Plan), each of the conditions precedent to the occurrence of the Effective Date of the Plan shall occur.

**OO.    Implementation**.  All documents, agreements, and transactions necessary to implement the Plan,  and all other relevant and necessary documents and transactions have been negotiated in good faith, at arm's length, and are in the best interests of the Debtors and their creditors, and shall, upon satisfaction of all applicable conditions and execution, be valid, binding and enforceable and not in conflict with applicable law.

**PP.    Retention of Jurisdiction**.  The Court is authorized to retain jurisdiction over the

16

matters set forth in Article XV of the Plan.

## DECREES

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.    **Disclosure Statement.**  The Disclosure Statement contains adequate information within the meaning of and for all purposes of Sections 1125 and 1125(b) of the Bankruptcy Code, and the Disclosure Statement is hereby approved.

2.    **Solicitation Procedures.**  Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code and all other rules, laws, and regulations, and in compliance with the Combined Hearing Order, and the Solicitation Procedures and Solicitation are hereby approved.

3.    **Confirmation.**  Pursuant to section 1129(a) of the Bankruptcy Code, the Plan (inclusive of amendments thereto), is confirmed.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

4.    **Objections**.  All objections that have not been withdrawn, resolved, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

5.    **Provisions of Plan and Order Non-Severable and Mutually Dependent**.  The provisions of this Plan and Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

6.    **Binding Effect.**  Effective on the Effective Date, and except as provided expressly in this Confirmation Order, the Plan and its provisions shall be binding upon the Debtors, the Liquidating Trustee and any other entity acquiring or receiving property or a distribution under the

17

Plan, and upon all holders of a Claim against or Interest in the Debtors, including all governmental entities, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan.  Pursuant to Sections 1123(a) and 1142 (a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

7.     **Vesting of Assets**.  On the Effective Date, all of the Debtors' assets shall vest in the Liquidating Trust, free and clear of any other claims, interests, liens or encumbrances.

8.     **Assumption of Executory Contracts and Unexpired Leases**.  On the Effective Date, all Executory Contracts and unexpired leases not assumed before the Effective Date, or subject to a pending motion to assume as of the Effective Date, are deemed rejected.    Any Claim arising from the rejection of an Executory Contract or unexpired lease must be Filed no later than twenty-one days after serve of the notice of the Effective Date.

9.     **Conditions Precedent to Effective Date**.  The following are conditions precedent to the Effective Date that must be satisfied or waived in accordance with Article XIV of the Plan:

   i.     The Confirmation Order shall have become a Final Order in form and substance acceptable to the Plan proponents; and

   ii.    The Liquidation Trustee shall be duly appointed, qualified and acting in that capacity.

10.    **Waiver of Conditions Precedent**.  The Debtors and the Committee may waive any of the conditions precedent to confirmation or the Effective Date at any time, without notice and without further action, order, or approval of the Court.

11.    **Effect of Non-Occurrence Of Conditions To The Effective Date**.  Each of the conditions to the Effective Date must be satisfied or waived by the Debtors, and the Effective Date must occur within forty-five (45) days of Confirmation, or by such later date established by Final

18

Order.  If the Effective Date has not occurred within forty-five (45) days of Confirmation, then upon motion by a party in interest (including the Debtors) made before the Effective Date and a hearing, the Confirmation Order may be vacated by the Court; provided, however, that notwithstanding the filing of such motion to vacate, the Confirmation Order may not be vacated if the Effective Date occurs before the Court enters a Final Order granting such motion.  If the Confirmation Order is vacated, then except as provided in any Final Order vacating the Confirmation Order, the Plan will be null and void in all respects, and nothing contained in the Plan shall: (1) constitute a waiver or release of any Claims, Interests, or Causes of Action; (2) prejudice in any manner the rights of the Debtors or any other Person; or (3) constitute an admission, acknowledgment, offer, or undertaking of any sort by the Debtors or any other Person.

12.    **Authority to Effectuate Plan**.  Upon the Effective Date, all matters provided under the Plan shall be deemed to be authorized and approved without the requirement of further approval from the Bankruptcy Court or the Debtors.  The Debtors shall be authorized, without further application to or order of the Court, to take whatever action necessary to achieve consummation and carry out the Plan and to effectuate other transactions provided for thereunder.

13.    **Transfer Taxes Not Applicable**.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangible or similar tax, mortgage tax, transfer tax, recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any documents related to the Sale of the Assets without the payment of such tax, recordation fee, or governmental assessment.

14.    **Releases.**  The releases set forth in Article XII of the Plan, are hereby approved and

authorized in their entirety.

15.    **Professional Fee Claims.**    All Professionals requesting compensation or reimbursement of expenses pursuant to Bankruptcy Code §§ 327, 328, 330, 331 or 503(b) for services rendered prior to the Effective Date must file and serve pursuant to the Bankruptcy Code and applicable rules, an application for final allowance of compensation and reimbursement of expenses no later than forty-five (45) days after the Effective Date or be forever barred from asserting such claims against the Bankruptcy Estates or the Debtors and their respective successors and/or assigns. Professional Fees with respect to which a fee application is properly filed shall be Allowed Professional Fees only to the extent permitted by the Plan and allowed by Final Order of the Bankruptcy Court. Only allowed Professional Fees shall be paid pursuant to the Plan. Any objection to Professional Fees shall be filed on or before the date specified in the application for Final Compensation. The Debtors shall pay holders of Allowed Professional Fee Claims, in Cash from the Escrow, in the amount awarded to such Professionals by Final Order of the Bankruptcy Court, as soon as practicable after the Effective Date or the date upon which any order awarding such fees and expenses becomes a Final Order, in accordance with the terms of any Order entered by the Bankruptcy Court governing the payment of fees and expenses during the course of the Bankruptcy Cases, and after application of any retainer received by the Professionals.

16.    **Resolution of E-Source Objection.**    The E-Source Objection is resolved in its entirety under the following terms and conditions:

a.    The Plan and Liquidating Trust Agreement shall by this order be amended to provide that the Liquidating Trustee shall provide to a designee of the DIP Lender written reports not less than semi-annually on or before January 1 and July 1 of the calendar year that describe in reasonable detail (a) the status of all Trust Litigation Matters, (b) any formal or informal settlement proposals that have been made by any party to any of the Trust Litigation Matters (or their insurers), (c) the amount of cash or other liquid assets held by the Liquidating Trust, and (d) the amount of post-petition expenses incurred by the Liquidating Trust for the reporting period, and the total unpaid amount of Liquidating Trust expenses. For avoidance of

20

doubt, the filing of regular Post-Confirmation Operating Reports in the form acceptable to the Office of the United States Trustee for Region 3, District of Delaware, accompanied by a covering items (a) and (b) above, shall suffice for this reporting requirement.

           b.          The Plan and Liquidating Trust Agreement shall by this Order be amended to provide that the Liquidating Trust shall obtain the approval of the DIP Lender, which may be withheld for any reason that the DIP Lender determines is in its best interests, of (a) the filing of any litigation matters after the Effective Date, and (b) the settlement of any litigation where the demand made in the pleading or otherwise was in excess of $100,000. Nothing in this requirement, however, shall require the Trustee of the Liquidating Trust to act contrary to the advice of counsel in fulfillment of his fiduciary duties.

           c.          The Carve Out provided for in the DIP Order shall be paid by the Liquidating Trust as follows:  The first $600,000 distributed from the Liquidating Trust shall be first used to pay any outstanding fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) (the "Clerk/UST Fees") with the remainder to be divided by Liquidating Trustee among Allowed Professional Fees, costs and fees incurred by the Liquidating Trust ("Liquidating Trust Expenses") and the Debtors general unsecured creditors in an amount not exceed $100,000 (the "Unsecured Creditor Carve Out").  The next $100,000 distributed from the Liquidating Trust shall be paid to the DIP Lender and applied to the Obligations.  The next $300,000 distributed from the Liquidating Trust shall be first used to pay any outstanding Clerk/UST Fees with the remainder to be divided by the Liquidating Trustee among Allowed Professional Fees, Liquidating Trust Expenses and the Unsecured Creditor Carve Out.  The remainder of the distributions of the Liquidating Trust shall, after satisfaction of all Clerk/UST Fees, be allocated on a *pro rata* basis among Allowed Professional Fees, Liquidating Trust Expenses, the Unsecured Creditor Carve Out, and the Obligations until such expenses are paid in full.  Any remainder will then be distributed in accordance with the Plan.

           d.          The entry of a final order approving an amendment to the DIP Financing and the DIP Order on terms that shall be acceptable to the DIP Lender shall be an additional condition to the effectiveness of the Plan.

           e.          Nothing set forth in this Order shall be deemed to amend or modify any of the terms or conditions of the DIP Order or the DIP Agreement, including, but not limited to, the DIP Maturity, or to affect the rights and remedies of E-Source thereunder.  Upon the effectiveness of the Plan, the Liquidating Trust shall become obligated to the same extent as the Debtors under the DIP Order and the DIP Agreement and all liens, claims and encumbrances created under the DIP Order and the DIP Agreement shall attach to the assets of the Liquidating Trust as provided for in the DIP Order and the DIP Agreement with respect to the Debtors.

      17.    **Transfer Taxes Not Applicable**.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangible or similar tax, mortgage tax, transfer tax, recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such

tax or governmental assessment and accept for filing and recordation any documents related to the Sale of the Assets without the payment of such tax, recordation fee, or governmental assessment.

18.    **Governmental Approvals Not Required.**  Except as set forth in the Plan, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to (i) the implementation or consummation of the Plan and (ii) any related documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, any related documents, and any amendments or modifications to any of the foregoing.

19.    **Reports**.  Notwithstanding anything to the contrary in the Plan, until a Final Decree is entered, the Debtors or Liquidating Trustee, as the case may be, shall submit all post-confirmation quarterly reports to the United States Trustee as required by the United States Trustee guidelines (with a copy served on the Office of the United States Trustee) setting forth all receipts and disbursements of the Debtors.  The first report shall be filed within thirty (30) days after the end of the quarter in which the Effective Date occurs.  The Liquidating Trustee shall be responsible to request that a Final Decree be entered in these Bankruptcy Cases.  The Debtors or Liquidating Trustee, as the case may be, shall also be responsible for the timely payment of any and all quarterly fees due to the United States Trustee until the Bankruptcy Cases are closed, dismissed, or converted.

20.    **Termination of Injunctions and Automatic Stay.**  All injunctions and stay provided for under Sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence as of the Confirmation Date, shall remain in full force and effect until the Effective Date, unless the Plan or this Confirmation Order provides otherwise.

21.     **References to Plan Provisions.**  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed and approved in its entirety.

22.     **Notice of Entry of Confirmation Order.**  The Notice of Entry of Confirmation Order, substantially in the form attached hereto as **Exhibit B**, is hereby approved.  Within  ten business days after entry of this Confirmation Order, the Debtors shall mail or cause to be mailed by first-class mail a copy of the Confirmation Notice to all of the Debtors' known creditors and equity interest holders, and all other entities required to be served under Bankruptcy Rules 2002 and 3017.  Such notice constitutes good and sufficient notice of the entry of the Confirmation Order, and no other or further notice shall be necessary.

23.     **Notice of Effective Date**.  Within five business days following occurrence of the Effective Date, the Reorganized Debtors shall file notice of the occurrence of the Effective Date and shall serve a copy of same upon the Office of the United States Trustee and all entities that have requested notice in these cases pursuant to Bankruptcy Rule 2002.  Such notice constitutes good and sufficient notice of the occurrence of the Effective Date, and no other or further notice shall be necessary.

24.     **Retention of Jurisdiction.**  This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Plan and to resolve any dispute concerning this Order, the Plan or the rights and duties of the parties thereunder or any issues relating to the Plan and this Order, including, but not limited to, interpretation of the terms, conditions and provisions thereof, and all issues and disputes arising in connection with the relief authorized herein.

Dated: February 23, 2017
       Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT JUDGE