# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., *et al.*,[1] | Case No. 15-11323 (KJC) |
| Debtors. | |
| Citadel Watford City Disposal Partners, L.P., *et al.*, | Adv. Proc. No. 16-51558 (KJC) |
| Plaintiffs, | |
| v. | |
| Troy Gould P.C., | **Objection Deadline: March 22, 2017 at 4:00 pm (ET)** |
| | **Hearing Date: No hearing will be held unless requested or ordered by the Court** |
| Defendant. | |

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND BANKRUPTCY RULE 9019 AUTHORIZING SETTLEMENT AGREEMENT WITH TROY GOULD P.C.

Citadel Watford City Disposal Partners, L.P., et al. and its above-captioned debtors and debtors-in-possession (collectively, "Debtors"), by and through their undersigned counsel, move ("Motion") this Honorable Court for an order ("Order") pursuant to Sections 105(a) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing Debtors to enter into a settlement agreement with Troy Gould P.C., ("Defendant").  In support of the Motion, Debtors respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2).

3. Venue of these matters and this Motion is proper in this District pursuant to 28

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520).  The mailing address for each Debtor is, c/o Gavin/Solmonese 919 North Market Street, Suite 600, Wilmington, DE 19801.

U.S.C. §§1408 and 1409.

4.     The statutory and legal predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and Bankruptcy Rule 9019.

## BACKGROUND

5.     On June 19, 2015 ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases").

6.     By order dated June 30, 2015, the Court authorized joint administration of the Debtors' bankruptcy proceedings. D.I. 8.[2] The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.     On July 20, 2015, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors ("Committee") pursuant to Bankruptcy Code section 1102(a)(1). No trustee or examiner has been appointed in these cases.

8.     On December 12, 2016, Debtors filed the above-captioned adversary proceeding ("Adversary Proceeding") against Troy Gould, P.C. ("Troy Gould"). In the Adversary Proceeding, Debtors sought to avoid and recover from Defendant, or any other person or entity whose benefit the transfers were made, all fraudulent transfers made by Debtors for the benefit of the creditors of Debtors' bankruptcy estates (D.I. 1). Among other things the Complaint sought to recover, pursuant to 11 U.S.C 548 and 550, any transfers that may have been a fraudulent conveyance and pursuant to 11 U.S.C 549 any transfer on account of prepetition debt that cleared – post petition.

---

[2] On September 22, 2015, the Court entered an Order Dismissing the Chapter 11 Case of Citadel Energy Holdings, LLC and Amending the Joint Administration Order [Case No. 15-11323 (KJC), D.I. 13]. Therefore, all docket entries referenced in this Motion that were entered prior to September 22, 2015 will refer to Case No. 15-11322 (KJC) and all docket entries entered September 22, 2015 or later will refer to Case No. 15-11323 (KJC).

2

Debtors sought an amount of $51,000.00 from the Defendant.

9.     The Parties initiated good faith discussions in an effort to resolve the claims asserted in the Adversary Proceeding and the claims related to the alleged fraudulent transfers. After considering various inquiries and proposals, the Parties agreed to enter that certain Settlement Agreement ("Agreement") attached as Exhibit A. The pertinent details of the Agreement are (a) in exchange for the release described in Section 4 of this Settlement Agreement, Troy Gould shall pay, or cause to be paid to the Debtors, the amount of $40,000.00 U.S. Dollars (the "Settlement Amount"); (b) the Settlement Amount shall be paid in two (2) installments of $20,000.00; (c) the first installment payment (the "First Installment Payment") shall be made on or before the later of 10 days after entry of an order of approving this Settlement Agreement, or March 31, 2017 (d) the second installment payment (the "Second Installment Payment") shall be paid within 30 days of the First Installment Payment.

## RELIEF REQUESTED

10.    By this Motion, the Debtors request, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, entry of an order authorizing Debtors to enter into the Agreement for the compromise of its disputes with Defendant.

## BASIS FOR RELIEF REQUESTED

**A.    THE AGREEMENT SHOULD BE APPROVED UNDER BANKRUPTCY RULE 9019 BECAUSE IT IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS.**

11.    Bankruptcy Rule 9019(a) provides, in pertinent part, that upon a motion and after notice and a hearing, the Court may approve a compromise or settlement. Approval of a settlement remains in the sound discretion of the Court. *See In re Neshaminy Office Building Associates*, 62 B.R. 798, 803 (E.D. Pa. 1986). In determining whether to approve a settlement, the Court should determine whether the proposed settlement is in the best interests of the estate. *Id.*; *see also In re*

*Matter of Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).

12. It is well settled that compromises are favored in bankruptcy cases to minimize litigation and to expedite the administration of the bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 392 (3rd Cir. 1996); *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).

13. In *Martin*, 91 F.3d at 393, the Court of Appeals enumerated the following factors to guide a court in its determination of the reasonableness of a settlement: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors appearing." *See also In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).

14. A proposed settlement need not be the best one that could be achieved, but must only fall "within the reasonable range of litigation possibilities." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114 (citation omitted); *In re World Health Alternatives, Inc.*, 344 B.R. at 296. As another court explained, "the court is not supposed to have a 'mini-trial' on the merits, but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Jasmine Ltd.*, 258 B.R. 119, 124 (D.N.J. 2000) (*quoting In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986) and *citing In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd* 8 F.3d 812 (3d Cir. 1993)); *accord Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983).

15. Thus, a court should "defer to the trustee's judgment so long as there is a legitimate

business justification" to support the settlement.  *Martin*, 91 F.3d at 395 (citations omitted).

16.     The Debtors submit that the Agreement is fair and prudent, is in the best interests of the Debtors' estates and creditors and falls well within the highest and lowest points in the range of reasonableness and, accordingly, should be approved.

17.     The terms and conditions of the Agreement were negotiated by the Debtors and Defendant at arm's-length and in good faith with the assistance of counsel.  Moreover, neither Plaintiff nor any of Plaintiff's affiliates is an "insider" of any of the Debtors, as that terms is defined in section 101(31) of the Bankruptcy Code.

## **NOTICE**

18.     Notice of this Motion will be provided to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to Troy Gould P.C. and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

## **NO PREVIOUS REQUEST**

19.     No previous motion for the relief requested herein has been made to this or any other Court by the Debtors.

**WHEREFORE**, the Debtors respectfully requests that the Court enter an Order in the form annexed hereto:  (i) approving Debtors' entry into the Agreement; (iv) dismissing any and all claims against and by Debtors in the Adversary Proceeding; and (v) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 8, 2017
Wilmington, Delaware

          **GELLERT SCALI BUSENKELL & BROWN, LLC**

          */s/ Evan W. Rassman*
          Evan W. Rassman (No. 6111)
          Michael Busenkell (No. 3933)
          1201 N. Orange St., Ste. 300
          Wilmington, Delaware 19801
          Telephone: (302) 425-5800
          Facsimile:  (302) 425-5814
          Email: mbusenkell@gsbblaw.com

          *Counsel to the Debtors and Debtors-in-Possession*