## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., *et al.*,[1] | Case No. 15-11323 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: July 26, 2017 at 4:00 p.m. ET**<br>**Hearing Date: August 2, 2017 at 11:00 a.m. ET** |

## LIQUIDATION TRUSTEE'S (NON-SUBSTANTIVE) FIRST OMNIBUS OBJECTION TO CERTAIN (A) AMENDED CLAIMS, (B) LATE FILED CLAIMS, (C) INSUFFICIENT DOCUMENTATION CLAIMS, AND (D) INCORRECT DEBTOR CLAIMS

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust (the "Liquidation Trustee"), successor to Citadel Watford Disposal Partners, L.P., et al., as debtors and debtors in possession in the above-captioned bankruptcy case (the "Debtors"), hereby files this first omnibus objection (the "Objection") to certain claims (the "Disputed Claims") filed against the Debtors, and listed on Exhibits A, B, C, and D to the proposed form of order ("Proposed Order"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Liquidation Trustee respectfully requests the entry of an order in substantially the form of the Proposed Order filed concurrently herewith: (i) disallowing and expunging the proofs of claim listed on

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

Exhibit <u>A</u> to the Proposed Order; (ii) disallowing and expunging the proofs of claim listed on <u>Exhibit B</u> to the Proposed Order; (iii) disallowing and expunging the proofs of claim listed on <u>Exhibit C</u> to the Proposed Order; and (iv) reassigning and allowing the proofs of claim listed on <u>Exhibit D</u> against the correct Debtor.  In support of the Objection, the Liquidation Trustee relies on the Declaration of Ross Waetzman of Gavin/Solmonese LLC in Support of the Liquidation Trustee's (Non-Substantive) First Omnibus Objection to Certain (A) Amended Claims, (B) Late Filed Claims, (C) Insufficient Documentation Claims, and (D) Incorrect Debtor Claims, which is attached hereto as <u>Exhibit 1</u>. In further support of the Objection, the Liquidation Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

## BACKGROUND

**A.**     **The Chapter 11 Cases**

3.       On June 19, 2015 (the "<u>Petition Date</u>"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases. No trustee or examiner has been appointed in these cases (the "<u>Chapter 11 Cases</u>").

4.      On June 30, 2015, the Court entered an order allowing for the joint administration of each of the Chapter 11 Cases pursuant to Federal Rule of Bankruptcy Procedure 1015(b) (Case No. 15-11322, Docket No. 22.)

5.      The Debtors continued to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On July 20, 2015, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

7.      On December 16, 2016, the Debtors and the Committee, as plan proponents, filed the Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Committee (the "Plan") (Docket No. 473). On that same day,  the Court entered an Order (I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Plan Confirmation Hearing; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballot; and (VI) Granting Related Relief (Docket No. 475).

8.      The Plan contemplated, among other things, the creation of a liquidation trust that would hold and administer the Debtors' assets.

9.      On January 13, 2017, the Debtors filed a Notice of Filing of Plan Supplement (the "Plan Supplement"), to which was attached the Liquidation Trust Agreement (the "Agreement").

10.      On February 23, 2017, the Court entered Findings of Fact, Conclusions of Law, and Order under 11 11 U.S.C. § 1129(b) and Fed. R. Bankr. P. 3020 (I) Confirming Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, (II)

Approving Disclosure Statement, and (III) Approving Solicitation Procedures (Docket.

No. 517) (the "Confirmation Order"), which, among other things, confirmed the Plan.

11.     On March 9, 2017, the Plan became effective (the "Effective Date").

Pursuant to Section IX of the Plan, as of the Effective Date, the liquidation trust was

established to liquidate assets and make distributions in accordance with the Plan (the

"Liquidation Trust"). Gavin/Solmonese LLC is the Liquidation Trustee.

12.     Pursuant to the Plan and the Agreement, the Liquidation Trustee has

authority to object to, and resolve issues involving Claims and Interests (as defined in the

Plan) filed in the Chapter 11 Cases.

**B.      Bar Dates and Proofs of Claim**

13.      On February 2, 2016, the Court entered an Order (I) Establishing

Deadlines for Submitting Proofs of Claim, (II) Approving the Form and Manner for

Submitting Such Proofs of Claim, and (III) Approving Notice Thereof (the "Bar Date

Order") (Docket No. 210). Pursuant to the Bar Date Order, all persons or entities who

wished to assert claims against the Debtors' estates, including governmental units, were

required to file a proof of claim against the Debtors in the Chapter 11 Cases by no later

than March 15, 2016, at 5:00 p.m. (Eastern) (the "Bar Date").

14.     To date, the value of the proofs of claim (the "Claims," and the persons or

entities filing such Claims, the "Claimants") filed in the Chapter 11 Cases totals

approximately $26.9 million.

15.     The Liquidation Trustee and its advisors are comprehensively reviewing

and reconciling all Claims. Additionally, the Liquidation Trustee has access to and

maintains the Debtors' books and records (the "Books and Records") that reflect, among

other things, the Debtors' liabilities and amounts thereof owed to its creditors. The

Liquidation Trustee is comparing the Claims asserted in the Proofs of Claims to the

Books and Records to determine the validity of the asserted claims. This reconciliation

process includes identifying particular categories of Claims that may be targeted for

disallowance and expungement, reduction and allowance, reassignment or

reclassification. The Liquidation Trustee anticipates filing several omnibus objections.

## RELIEF REQUESTED AND BASIS FOR RELIEF

18.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [i]f such objection to a claim is made, the court, after notice
> and a hearing, shall determine the amount of such claim in
> lawful currency of the United States as of the date of the
> filing of the petition, and shall allow such claim in such
> amount, except to the extent that—
>
> > (1) such claim is unenforceable against the debtor
> > and property of the debtor, under any agreement or
> > applicable law for a reason other than because such
> > claim is contingent or unmatured…

11 U.S.C. § 502(b)(1).

19.    The Disputed Claims are unenforceable against the Debtors for the reasons

set forth herein and in the exhibits attached hereto. By this Objection, the Liquidation

Trustee respectfully seeks entry of an order pursuant to Bankruptcy Code section 502(b),

Bankruptcy Rule 3007, and Local Rule 3007-1 (i) disallowing and expunging the proofs

of claim identified on Exhibit A to the Proposed Order because they were amended and

superseded by other Claims (the "Amended Claims"); (ii) disallowing and expunging the

proofs of claim identified on Exhibit B to the Proposed Order because they were filed

after the Bar Date (the "Late Filed Claims"); (iii) disallowing and expunging the proofs

of claim listed on Exhibit C to the Proposed Order because they fail to satisfy the

requirements for a proof of claim (the "Insufficient Documentation Claims"); and (iv)

reassigning and allowing the proofs of claim listed on Exhibit D against the correct,

modified Debtor (the "Incorrect Debtor Claims").

## ARGUMENT

### A.    Amended Claims

20.    The Liquidation Trustee objects to the Amended Claims listed on Exhibit

A to the Proposed Order attached hereto pursuant to section 502(b)(1) of the Bankruptcy

Code because the Amended Claims are claims that have been amended, and thus

superseded, by later-filed claims by the same Claimant. The "Remaining Claims"

identified on Exhibit A will replace the Amended Claims to be expunged. Additionally,

the Liquidation Trustee will treat any supporting documentation that was filed in support

of an Amended Claim being expunged as documentation filed in support of the

"Remaining Claims." Accordingly, the Amended Claims set forth in Exhibit A to the

Proposed Order should be disallowed and expunged for all purposes.

### B.    Late-Filed Claims

21.    The Liquidation Trustee objects to the Late Filed Claims listed on Exhibit

B to the Proposed Order attached hereto pursuant to section 502(b)(9) of the Bankruptcy

Code because such Claims were not timely filed on or before the Bar Date.

22.    Pursuant to the Bar Date Order, all Claimants holding Claims against the

Debtors were to file a proof of claim "so as to be actually received by the Clerk of the

United States Bankruptcy Court for the District of Delaware on or before the Bar Date."

(Docket No. 210, ¶ 5.) Additionally, the Bar Date Order expressly states that "[p]ursuant

to Bankruptcy Rule 3003(c)(2), any Claimant who is required, but fails, to submit a Proof

of Claim in accordance with the Bar Date Order on or before the Bar Date may be forever

barred, estopped, and enjoined from asserting such Claim against the Debtors, their

property, or their estates[.]" (Docket No. 210, ¶ 13.)

23.     The Late Filed claims identified on <u>Exhibit B</u> to the Proposed Order were

all filed after March 15, 2016—i.e., the Bar Date. Accordingly, pursuant to section

502(b)(9) of the Bankruptcy Code, the Late Filed Claims set forth in <u>Exhibit B</u> to the

Proposed Order should be disallowed and expunged for all purposes.

**C.      Insufficient Documentation Claims**

24.     The Liquidation Trustee objects to the Insufficient Documentation Claims

on <u>Exhibit C</u> to the Proposed Order because they have been filed without sufficient

documentation to substantiate the proof of claim and the claims do not have a basis in the

Debtors' Books and Records.

25.     When filing a proof of claim, a "claimant must allege facts that, if true,

would support a finding that the debtor is legally liable to the claimant." *In re Stock Bldg.*

*Supply, LLC*, 433 B.R. 460, 463 (Bankr. D. Del. 2010)(citing *In re Allegheny Int'l, Inc.*,

954 F.2d 167, 173 (3d Cir. 1992)). When the claimant alleges sufficient facts to support

its claim, its claim is "prima facie" valid. *Allegheny*, 954 F.2d at 173.  However, pursuant

to Federal Rule of Bankruptcy Procedure 3001, a proof of claim is not entitled to the

presumption of prima facie validity "where . . . [it] does not provide the facts and

documents necessary to support the claim." *In re Am. Home Mortgage, Holdings, Inc.*,

501 B.R. 44, 62 (Bankr. D. Del. 2013). Further, while the burden of proof related to

claims and claims' objections "shifts between the proponent of, and objector to, a claim"

(*In re Smurfit-Stone Container Corp.*, 444 B.R. 111, 117 (Bankr. D. Del. 2011), "the burden of persuasion is always on the claimant" (*Allegheny*, 954 F.2d at 174).

26.     Without providing sufficient information or documentation to allow the Liquidation Trustee to reconcile the proof of claim with the Debtors' Books and Records, the Insufficient Documentation Claims fail to satisfy the requirements for a proof of claim. Additionally, certain Insufficient Documentation Claims are based on the Debtors' allegedly fraudulent conduct and fail to provide any evidence, documentation, or detail supporting the Claimants' allegations of fraud and misrepresentation. Although the Liquidation Trustee has attempted to compare the amounts requested in all of the Insufficient Documentation Claims with the amounts due according to the Debtors' schedules, as well as their Books and Records, the Insufficient Documentation Claims do not contain sufficient information to allow the Liquidation Trustee to determine from the proofs of claim themselves what amounts, if any, are valid and owing to the Claimants by the Debtors.

27.     Accordingly, the Liquidation Trustee hereby requests that the Court enter an order expunging and disallowing the Insufficient Documentation Claims, unless the Claimants provide supporting documentation for the Insufficient Documentation Claims in response to this Objection.

**D.      Incorrect Debtor Claims**

28.     The Liquidation Trustee objects to the Incorrect Debtor Claims on Exhibit D to the Proposed Order because they have been filed against the incorrect debtor. Since the Chapter 11 Cases are not substantively consolidated, Claimants are required to file proofs of claim against the Debtor that is liable to the Claimant for the amount claimed.

The proofs of claim identified on Exhibit D were filed in amounts that correspond with the Debtors' Books and Records, but were filed in the wrong Chapter 11 Case. Accordingly, the Liquidation Trustee hereby requests that the Court enter an order reassigning and allowing the Incorrect Debtor Claims in the correct Chapter 11 Case as set forth in Exhibit D to the Proposed Order.

### RESPONSES TO THE OBJECTION

29.    Filing and Service of Responses: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Bankruptcy Court and the parties in the following paragraph **no later than 4:00 p.m. (Eastern) on July 26, 2017** (the "Response Deadline").  Claimants should locate their names and Claims in the Objection, and carefully review the Proposed Order and the exhibits attached thereto.  A Response must address each ground upon which the Liquidation Trustee objects to a particular Claim.  A hearing (the "Hearing") to consider the Liquidation Trustee's Objection shall be held on **August 2, 2017 at 11:00 a.m. (Eastern)**, before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

30.    Every Response must be filed on or before **July 26, 2017 at 4:00 p.m. (Eastern)** with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 and served upon the following entities at the following addresses: (i) the Office of the U.S. Trustee, 844 North King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, (ii) counsel to the

Liquidation Trustee, Shaw Fishman Glantz & Towbin LLC, 300 Delaware Ave., Suite 1370, Wilmington, DE 19801, Attn: Allison Hudson and Thomas Horan, so as to be received **no later than the Response Deadline, July 26, 2017 at 4:00 p.m. (Eastern)**.

31.    <u>Content of Responses</u>:  Every Response to the Objection must contain, at a minimum, the following:

(a)    a caption setting forth the name of this Court, the above-referenced case number, and the title of the Objection to which the Response is directed; the name of the Claimant and description of the basis for the amount of the Claim;

(b)    a concise statement setting forth the reasons why a particular Claim should not be disallowed or modified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection at the Hearing;

(c)    all documentation or other evidence of the Claim in question, to the extent not already included with the Claimant's proof of claim, upon which the Claimant will rely in opposing the Objection at the Hearing;

(d)    the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant; and

(e)    the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Liquidation Trustee should serve any reply to the Response, if different than the address(es) presented in the Claim.

32.    <u>Timely Response Required; Hearing</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Liquidation Trustee will endeavor to reach a consensual resolution with the applicable Claimant. If no consensual resolution is reached, this Court will conduct a hearing with respect to the Objection and

the Response on **August 2**, **2017 at 11:00 a.m. (Eastern)**, or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by this Court at any such hearing.

33.    <u>Replies to Responses:</u> Consistent with Local Rules 3007-1(h)(ii) and 9006-1(d), the Liquidation Trustee may, at his option, file and serve a reply to a Claimant's Response no later than 4:00 p.m. (Eastern) one (1) day prior to the day the agenda for the hearing is due.

34.    <u>Adjournment of Hearing:</u> The Liquidation Trustee reserves the right to adjourn the Hearing on any Claim included in the Objection.  In the event that the Liquidation Trustee adjourns the Hearing, it will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the Claimant in each Response.

35.    If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Liquidation Trustee will present to this Court an appropriate order **<u>without further notice to the Claimant</u>**.

36.    <u>Separate Contested Matter:</u> Each of the Disputed Claims and the Liquidation Trustee's objections thereto, as asserted in the Objection, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Liquidation Trustee requests that any order entered by this Court with respect to an objection asserted herein be deemed a separate order with respect to each such Disputed Claim.

### RESERVATION OF RIGHTS

37.    The Liquidation Trustee expressly reserves the right to amend, modify, or

supplement the Objection and to file additional objections to any proofs of claim or any

other claims (filed or not) which may be asserted against the Debtors including, without

limitation, objections as to the liability, amount, or priority of any Claims listed on

Exhibits A , B, C, and D to the Proposed Order.  Should one or more of the grounds for

the Objection be dismissed or overruled, the Liquidation Trustee reserves the right to

object to any Disputed Claim listed on Exhibits A, B, C, and D to the Proposed Order on

any other ground.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

38.    The undersigned representative of Gavin/Solmonese LLC has reviewed

the requirements of Local Rule 3007-1 and certifies that the Objection substantially

complies with that Local Rule. To the extent that the Objection does not comply in all

respects with the requirements of Local Rule 3007-1, the Liquidation Trustee believes

such deviations are not material and respectfully requests that any such requirement be

waived.

## NOTICE

39.    The Liquidation Trustee has provided notice of the Objection to (i) the

Office of the U.S. Trustee; (ii) all parties entitled to notice pursuant to Bankruptcy Rule

2002; and (iv) each of the Claimants identified on Exhibits A, B, C, and D to the

Proposed Order.

WHEREFORE, the Liquidation Trustee respectfully requests that this Court enter

the Proposed Order attached hereto: (a) granting the relief requested herein; and (b)

granting to the Liquidation Trustee such other and further relief as this Court may deem

just and proper.

Dated:  June 30, 2017

**SHAW FISHMAN GLANTZ
& TOWBIN LLC**

/s/ Thomas M. Horan
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 480-9412
E-mail: thoran@shawfishman.com
E-mail: jdarby@shawfishman.com

-and-

Allen J. Guon
Allison Hudson
321 N. Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 980-3836
E-mail: ahudson@shawfishman.com
E-mail: aguon@shawfishman.com

*Counsel to Gavin/Solmonese LLC,
Liquidation Trustee*