# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC)<br><br>Jointly Administered<br><br>**Objections Due: Tuesday, December 27, 2017 at 4:00 p.m. (ET)**<br>**Hearing Date:   Thursday, January 11, 2018 at 10:00 a.m. (ET)** |

**MOTION OF LIQUIDATION TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 502, BANKRUPTCY RULES 3007 AND 9006, AND SECTION X.C OF CONFIRMED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION, FOR ENTRY OF ORDER FURTHER EXTENDING TIME TO FILE OBJECTIONS TO CLAIMS**

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust (the "Liquidation Trustee"), successor to Citadel Watford Disposal Partners, L.P., et al., as debtors and debtors in possession in the above-captioned bankruptcy cases (the "Debtors"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Section X.C. of the *Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and The Official Committee of Unsecured Creditors* [D.I. 473] (the "Plan"),[2] extending the deadline by which the Liquidation Trustee may file objections to Claims to and including April 30, 2017.  In support of the Motion, the Liquidation Trustee

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520).  The mailing address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

[2] Capitalized terms used in the Motion but not otherwise defined are used as defined in the Plan.

{12058-001 OBJ A0492797.DOCX}

respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 502, and Bankruptcy Rules 3007 and 9006.

## BACKGROUND

### A.    The Chapter 11 Cases

3. On June 19, 2015 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases. No trustee or examiner has been appointed in these cases (the "Chapter 11 Cases").

4. On December 16, 2016, the Debtors and the Official Committee of Unsecured Creditors (the "Committee"), as plan proponents, filed the Plan. On that same day, the Court entered an Order (I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Plan Confirmation Hearing; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballot; and (VI) Granting Related Relief [D.I. 475].

5. The Plan contemplated, among other things, the creation of a liquidation trust that would hold and administer the Debtors' assets.

6. On January 13, 2017, the Debtors filed a Notice of Filing of Plan Supplement (the "Plan Supplement"), to which was attached the Liquidation Trust

Agreement (the "Agreement").

7. On February 23, 2017, the Court entered Findings of Fact, Conclusions of Law, and Order under 11 11 U.S.C. § 1129(b) and Fed. R. Bankr. P. 3020 (I) Confirming Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, (II) Approving Disclosure Statement, and (III) Approving Solicitation Procedures [D.I. 517] (the "Confirmation Order"), which, among other things, confirmed the Plan.

8. On March 9, 2017, the Plan became effective (the "Effective Date"). Pursuant to Section IX of the Plan, as of the Effective Date, the liquidation trust was established to liquidate assets and make distributions in accordance with the Plan (the "Liquidation Trust"). Gavin/Solmonese LLC is the Liquidation Trustee.

9. Pursuant to the Plan and the Agreement, the Liquidation Trustee has authority to object to, and resolve issues involving Claims and Interests filed in the Chapter 11 Cases.

**B.    Claims Objection Deadline**

10. Pursuant to Section X.C. of the Plan, the Liquidation Trustee was required to "file and serve any objection to any Claims … no later than the Claims Objection Deadline; provided, however, the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Liquidation Trustee." See D.I. 473

11. Under the Plan, the Claims Objection Deadline was defined as "the earlier of (i) one hundred and eighty (180) days after the Effective Date or such later date as may be approved by the Bankruptcy Court and (ii) the date that all of the Chapter 11 Cases are closed." See D.I. 473, Section II.A.21.

12. The Effective Date occurred on March 9, 2017 [D.I. 527].

13. The Claims Objection Deadline expired on September 5, 2017.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

14. The Liquidation Trustee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), extending the Claims Objection Deadline to April 30, 2018.  This request allows time for notice and hearing on the Motion, as well as time for the filing, notice and hearing of the claims objection.  The Liquidation Trustee anticipates that, if the Court should grant the relief requested in this Motion, the next claims objection will be its last but requests that the extension proposed herein be granted without prejudice to the rights of the Liquidation Trustee to seek further extensions of the Claims Objection Deadline.

15. Pursuant to Section 105(a) of the Bankruptcy Code, bankruptcy courts have broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  See 11 U.S.C. § 105(a). Additionally, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.  Id.

16. Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that

> …[w]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

17. The confirmed Plan provides that "the Claims Objection Deadline may be

extended by the Bankruptcy Court from time to time upon motion and notice by the Liquidation Trustee." See D.I. 473, Section X.C.  It also defines an "allowed" claim as one that is not disputed or disallowed, which becomes an "allowed" claim so long as "no objection has been filed by the Claims Objection Deadline or such other period fixed by the Bankruptcy Court…". See D.I. 473, Section II.D.6.

18.  When determining whether excusable neglect exists, courts consider (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether movant acted in good faith.  Pioneer Inv. Srvs. Co. v. Brunswick Assoc. Ltd. Pship., 507 U.S. 380, 395 (1993).

19.  Prejudice to the Liquidation Trustee's constituencies exists.  The claims objection to be filed will seek to eliminate claim redundancy, require claimants to support their claims, and object to claimed priority.  Resolving these issues will ensure a more accurate and equitable distribution to creditors in these bankruptcy cases.  The Liquidation Trustee seeks additional time to ensure that the instant Motion and subsequent claims objection have time to be filed, noticed, and a hearing to be held, if necessary.  This process will prevent creditors from potentially receiving an unwarranted recovery to the detriment of other creditors.  Furthermore, the Plan allows for and placed no limitation upon requests for extensions of time to file claims objections.  See D.I. 473, Sections X.C., Section II.D.6.  Therefore, the additional time requested herein will not prejudice any of the debtors' creditors and will preserve the right of the Liquidation Trustee to object to Claims so as to maximize recovery to appropriate creditors.

20.  The delay of three months in filing this motion is minimal, and this is the

first extension sought by the Liquidation Trustee; if allowed to proceed, and if successful in its claim objection, the impact on these bankruptcy cases would result in over $7M of claims being disallowed.  After the filing of the First and Second Omnibus Objections to Claims [see D.I. 585, 587], the Liquidation Trustee required additional time to reconcile various other claims filed in the Debtors' estates.  Since the Effective Date, the Liquidation Trustee has worked diligently and in good faith to review and reconcile outstanding and unresolved claims so that it could prepare an accurate and thorough claims objection and, ultimately, to make final distributions.  Although progress has been made, the Liquidation Trustee has not completed its task of ensuring that all claims are not redundant and are allowed in the correct amount, priority, and classification.

21.  Therefore, an extension of the Claims Objection Deadline is necessary to allow the Liquidation Trustee to file its claims objection.  The Liquidation Trustee further submits that the extension requested in this Motion is not sought for the purposes of further delay and is in the best interests of Debtors' estate's creditors and all parties in interest.

22.  Notice of this Motion has been provided to the Office of the United States Trustee for the District of Delaware and all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

[*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*]

WHEREFORE, the Liquidation Trustee respectfully requests that this Court enter the proposed order and grant such other and further relief as is warranted and just.

Dated: December 13, 2017

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

/s/ Johnna M. Darby
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 480-9412
E-mail: thoran@shawfishman.com
E-mail: jdarby@shawfishman.com

-and-

Allen J. Guon
Allison Hudson
321 N. Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 980-3836
E-mail: ahudson@shawfishman.com
E-mail: aguon@shawfishman.com

*Counsel to Gavin/Solmonese LLC, Liquidation Trustee*