IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CITADEL WATFORD DISPOSAL PARTNERS, L.P., et al.,[1]<br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 15-11323 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: December 15, 2020 at 11:30 am ET**<br>**Objections Due: December 8, 2020 at 4:00 pm ET** |

### LIQUIDATION TRUSTEE'S MOTION FOR ENTRY OF A
### FINAL DECREE CLOSING CHAPTER 11 CASES

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al. (the "Liquidation Trustee"), hereby respectfully moves this Court ("Motion") for entry of an order pursuant to sections 105 and 350(a) of title 11, United States Code ("Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for entry of a final decree, substantially in the form attached hereto, closing the above-captioned Chapter 11 cases ("Chapter 11 Cases"). In support of this Motion, The Liquidating Trustee respectfully represents the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding in this District is proper under 28 U.S.C. §§ 1408 and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is PO Box 2127, Watford City, North Dakota 58854.

1409. The statutory and legal predicates for the relief requested herein are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1(a).

**FACTUAL BACKGROUND**

2. On June 19, 2015 (the "Petition Date"), the above-captioned debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned jointly administered cases.

3. On June 30, 2015, the court entered an Order Authorizing Joint Administration ("Joint Administration Order") [D.I. 8]. On September 22, 2015, this Court entered its Order Dismissing the Chapter 11 Case of Citadel Energy Holdings, LLC and Amending the Joint Administration Order directing that the cases be jointly administered for procedural purposes [D.I. 13]. Under the Joint Administration Order, the Chapter 11 Cases were consolidated for procedural purposes and are being jointly administered under the lead case of In re Citadel Watford City Disposal Partners, LP, Case No. 15-11323 ("Lead Case").

4. On February 23, 2017, the court entered its Findings of Fact, Conclusions of Law and Order (I) Confirming Debtor' Joint Plan of Liquidation, (II) Approving Disclosure Statement, and (III) Approving Solicitation Procedures (the "Confirmation Order") [D.I. 517] confirming the Amended Chapter 11 Plan of Liquidation (the "Plan") [D.I. 473]. The Plan became effective on March 9, 2017 (the "Effective Date").

5. On the Effective Date, the Debtors implemented the Plan, paid all disbursements required to be paid on the Effective Date, and established a liquidating trust in accordance with the Plan and Confirmation Order.

6. The Liquidation Trustee has paid or will pay all quarterly fees owed to the Office of the United State Trustee ("US Trustee") before the hearing on this Motion, and the Liquidation Trustee does not owe any money to the Clerk of Court as of the date hereof.

7. Following the Effective Date, the Court approved resolution of final applications for professional fee claims.

8. By no later than December 1, 2020, the Liquidation Trustee will file its final report.

**RELIEF REQUESTED**

9. By this Motion, the Liquidating Trustee seek[s] entry of a proposed order and final decree, substantially in the form attached to this Motion as Exhibit 1 ("Final Decree"), (a) closing each of the Chapter 11 cases identified on the schedule attached to the Final Decree (collectively, the "Fully Administered Cases") and (b) granting related relief.

10. With respect to the Fully Administered Cases, there are no motions, contested matters, or adversary proceedings that remain unresolved. Thus, as described in further detail below, ample justification exists for entry of a final decree closing the Fully Administered Cases.

**BASIS FOR RELIEF REQUESTED**

11. Bankruptcy Code section 350(a) provides that the Court shall close a case after the estate has been fully administered. See 11 U.S.C. § 350(a)). Additionally, Bankruptcy Rule 3022, which implements the requirements of section 350, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

12. The 1991 Advisory Committee Note to Bankruptcy Rule 3022 lists the following factors to be considered in determining whether a case has been fully administered:

    (a)    whether the order confirming the plan has become final;

    (b)    whether deposits required by the plan have been distributed;

    (c)    whether property proposed by the plan to be transferred has in fact been transferred;

    (d)    whether the debtor has assumed the business addressed by the plan;

    (e)    whether payments under the plan have commenced; and

    (f)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

See Fed. R. Bankr. P. 3022, Advisory Committee Note (1991).

13. Furthermore, section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

14. Here, the Debtors' estates have been fully administered, and no purpose would be served by keeping the Fully Administered Cases open.

15. Additionally, all of the above factors weigh in favor of closing the Fully Administered Cases or do not apply. The Confirmation Order has become final, the Effective Date has occurred, and the Plan has been substantially consummated within the meaning of section 1102(2) of the Bankruptcy Code. None of the Debtors in the Fully Administered Cases have any unresolved motions, contested matters, or adversary proceedings.

16. Under the circumstances, closing the Fully Administered Cases is also an appropriate use of the Court's equitable powers under section 105 of the Bankruptcy Code. It will relieve the Court, the

US Trustee, and the Liquidation Trust from the burden of continuing to monitor and separately administer those cases. The closing of the Fully Administered Cases will also alleviate the burden of having to pay the relevant quarterly fees under 28 U.S.C. § 1930 in cases that serve no purpose. In re A.H. Robins Co., Inc., 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum").

## NOTICE

17. The Liquidating Trustee will provide notice of this Motion to: (a) the US Trustee; (b) all parties that have filed a notice of appearance and request for service in this proceeding of papers pursuant to Bankruptcy Rule 2002; and (c) any other parties designated by the Court. Considering the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

18. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, The Liquidating Trustee respectfully request[s] that the Court enter the Proposed Order and Final Decree, substantially in the form attached hereto, closing the Fully Administered Cases, and granting such other and further relief as is just and proper.

Date:  November 23, 2020

          **COZEN O'CONNOR**

          */s/ Thomas M. Horan*
          Thomas M. Horan (DE Bar No. 4641)
          1201 North Market Street
          Suite 1001
          Wilmington, DE  19801
          Telephone: (302) 295-2045
          E-mail: thoran@cozen.com

          *Counsel to Gavin/Solmonese LLC,*
          *Liquidation Trustee*